**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **HEATHER SHIELDS, MORGAN BLEININGER, and JESSICA HARDING** individually and on behalf of all individuals similarly situated, : : : : | |
| : | CASE NO.: |
| *Plaintiffs,* : | JUDGE: _____ |
| : | |
| **v.** : | |
| : | **JURY TRIAL DEMANDED** |
| **EAST OHIO HOSPITAL, LLC** *dba* **EAST OHIO REGIONAL HOSPITAL,** : : | |
| : | |
| **&** : | |
| : | |
| **DOCTOR JOHN A. JOHNSON,** : | |
| : | |
| **&** : | |
| : | |
| **ACCESS OHIO, LLC dba ACCESS OHIO PRIMARY CARE ACCESS,** : : | |
| : | |
| *Defendants.* : | |

---

**COURT SUPERVISED NOTICE AND RULE 23 CLASS COMPLAINT**

---

I.     <u>**INTRODUCTION**</u>

1.     Heather Shields ("Plaintiff Shields"), Morgan Bleininger ("Plaintiff Bleininger"), and Jessica Harding ("Plaintiff Harding") (hereinafter "Named Plaintiffs") bring this action against Defendants East Ohio Hospital, LLC *dba* East Ohio Regional Hospital ("Defendant EORH"), and Doctor John A. Johnson ("Dr. Johnson") (collectively "Defendants"). Defendants are a single enterprise that does business under the name of East Ohio Hospital, LLC in Columbus, Ohio.

2.     Named Plaintiffs bring federal claims against Defendants, who were their employers, in order to recover lost wages, benefits, attorneys' fees and costs, and other equitable relief under the

Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. § 2102(a) for themselves and those similarly situated. Defendants violated the WARN Act by failing to give a sixty (60) day written notice of its closure.

3.     Named Plaintiffs bring Ohio claims against Defendants, who were their employers, in order to recover lost wages, benefits, attorneys' fees and costs, and other equitable relief under the Ohio WARN Act, Ohio Rev. Code § 4141.28(D) for themselves and those similarly situated. Defendants violated the Ohio WARN Act by failing to furnish notice to the director of the Ohio Department of Job and Family Services at least three working days prior to the date of the first day of such layoff or separation.

4.     Named Plaintiffs bring federal wage claims against Defendants, who were their employers, in order to recover compensation, liquidated damages, attorneys' fees and costs, and other equitable relief pursuant to the Fair Labor Standard Act of 1939 ("FLSA"), as amended 29 U.S.C. § 201 et seq. Named Plaintiffs seek Court Supervised Notice pursuant to 29 U.S.C. § 216(b) to inform other similarly situated employees of their rights under the FLSA.

5.     Named Plaintiffs bring these Ohio wage claims against Defendants, who were their employers, in order to recover compensation, liquidated damages, attorneys' fees and costs, and other equitable relief pursuant to the Ohio Minimum Fair Wage Standards Act, O.R.C. §§ 4111 et. seq., (the "Ohio Wage Act"), the Ohio Prompt Pay Act ("OPPA"), O.R.C. § 4113.15, the Ohio Constitution, Art. II Section 34a ("Ohio Constitution") (the Ohio Wage Act, the OPPA and the Ohio Constitution will be collectively referred to herein as the "Ohio Wage Laws") and O.R.C. § 2307.60.  Named Plaintiffs bring their FLSA action on behalf of themselves and all similarly situated employees who file their written consent to join this action pursuant to 29 U.S.C. § 216(b). Named Plaintiffs bring their Ohio Acts and O.R.C. § 2307.60 claims individually and on behalf of similarly situated Ohio employees who join this lawsuit.

6. The WARN Act claims, the Ohio WARN Act claims, and the OPPA claims are brought as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

7. The remaining FLSA, the Ohio Constitution, and the Ohio Wage Act claims are brought pursuant to the specific Court Supervised Notice mechanisms provided in their respective statutes.

## II. JURISDICTION AND VENUE

8. This Court has jurisdiction over Named Plaintiffs' and the Putative Plaintiffs' claims because they are brought pursuant to the WARN Act and the FLSA, which raise federal questions pursuant to 28 U.S.C. § 1331.

9. This Court has jurisdiction over Named Plaintiffs' and the Putative Plaintiffs' supplemental Ohio Wage Laws and Ohio WARN Act claims pursuant to 28 U.S.C. § 1367.

10. Venue for this action properly lies in the Southern District of Ohio, pursuant to 28 U.S.C. § 1391, because Defendants reside in this judicial district and because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## III. PARTIES

### A. Plaintiffs

11. Plaintiff Heather Sheilds ("Plaintiff Shields") is an adult individual residing in St. Clairsville, Ohio at 47735 Cherry Tree Drive St. Clairsville, OH 43950. Plaintiff Sheilds began her employment with Defendants as a physician assistant on July 21, 2021, and remains employed as of the date of the filing of this Complaint. Her Notice of Consent to Join this Lawsuit is attached as **Exhibit A**.

12. Plaintiff Morgan Bleininger ("Plaintiff Bleininger") is an adult individual residing in Bethesda, Ohio at 48443 Coal Run Road Bethesda, OH 43719. Plaintiff Bleininger began her employment with Defendants on June 24, 2022, at Defendants' gastroenterology office in Saint

3

Clairsville, and remains employed as of the date of the filing of this Complaint. Her Notice of Consent to Join this Lawsuit is attached as **Exhibit B.**

13.     Plaintiff Jessica Harding ("Plaintiff Harding") is an adult individual residing in New Cumberland, West Virginia at 104 Diane Street New Cumberland, WV 26047. Plaintiff Harding was employed with Defendants as a medical lab tech supervisor from December 19, 2022, to March 17, 2025. Her Notice of Consent to Join this Lawsuit is attached as **Exhibit C.**

14.     The Putative Plaintiffs are Defendants' employees who worked at East Ohio Regional Hospital who were terminated and/or whose hours were reduced by more than 50% percent, on/or within 60 days after March 14, 2025, without receiving 60 days' notice.

### B. Defendants

15.     Defendant East Ohio Hospital, LLC *dba* East Ohio Regional Hospital ("Defendant-EORH") is a domestic limited liability company and is registered to do business in the state of Ohio. Process may be served upon its Registered Agent, Latha Johnson at 4319 Vaux Link New Albany, OH 43054.

16.     Defendant Doctor John A. Johnson ("Defendant Johnson") who resides at 4319 Vaux Link, New Albany, OH 43054 is the founder and CEO of Defendant Access Ohio, LLC and the owner of Defendant East Ohio Hospital, LLC.

17.     Defendant Access Ohio, LLC *dba* Access Ohio Primary Care Access ("Defendant-Access, LLC") located at 6400 East Broad Street, Suite 400, Columbus OH 43213 is a domestic liability company and is registered to do business in the State of Ohio and has an operation located within and at Defendant- EORH. Defendant Access, LLC can be served through its statutory agent, John A. Johnson at 4319 Vaux Link, New Albany, OH 43054.

18.     Defendant-EORH, Defendant Johnson, and Defendant-Access, LLC, will be collectively referred to as "Defendants."

4

19.     Defendants hold themselves out as, act as, and in fact comprise a single enterprise.

20.     Defendants centrally control employment policies and practices for all of their employees.

21.     Defendants regularly oversee business operations, address employment issues, and specifically implement pay, benefits, and other employment practices and policies.

22.     Defendants share a common purpose of operating a 140-bed health care facility located in downtown Martins Ferry, Ohio.

23.     Defendants' enterprise acts through each of the Defendants.

24.     Furthermore, each of the Defendants acts directly in the interest of themselves and others comprising the enterprise as an employer in relation to Named Plaintiffs and the Putative Plaintiffs.

25.     Thus, each Defendant is a "person" (within the meaning of the WARN Act and the Ohio WARN Act, the FLSA, and the Ohio Wage Laws) "acting directly or indirectly in the interest of an employer in relation to an employee." *See* 29 U.S.C. §§ 203(a),

26.     As a result, Defendants, both individually and collectively, employ the Named Plaintiff and the Putative Plaintiffs within the meaning of the WARN Act and the Ohio WARN Act, the FLSA, and the Ohio Wage Laws.

IV.     **FACTUAL ALLEGATIONS**

27.      At all times material to this Complaint, Defendants were joint employers within the meaning of WARN Act and the Ohio WARN Act, the FLSA, and the Ohio Wage Laws.

28.     During all times material to this Complaint, Defendants had common ownership.

29.     During all times material to this Complaint, Defendants had common directors, officers, and/or owners.

30.     During all times material to this Complaint, Defendants jointly had <u>at least</u> *de facto* exercise of control over the Named Plaintiffs and the Putative Plaintiffs.

31.     During all times material to this Complaint, Defendants jointly exercised unity of personnel policies that emanated from a common source.

32.     During all times material to this Complaint, Defendants jointly exercised a "dependency of operations" with the sharing of administrative services, interchange of employees and/or equipment, and comingled finances.

33.     During all times material to this Complaint, Named Plaintiffs and the Putative Plaintiffs were Defendants' employees pursuant to the WARN Act and the Ohio WARN Act, the FLSA, and the Ohio Wage Laws.

34.     Defendants jointly employ Named Plaintiffs and the Putative Plaintiffs to provide health care services to their patients at a single location in Martins Ferry, Ohio.

### A.  FACTS PERTAINING TO DEFENDANTS' WARN ACT VIOLATIONS

35.     Defendants were an "employer" as defined by the WARN Act because it was a business enterprise that employs more than one-hundred (100) employees who in the aggregate work at least 4,000 hours per week (exclusive of overtime hours). 29 U.S.C. § 2101(a)(1)(A)-(B).

36.     Named Plaintiffs and the Putative Plaintiffs are employed by Defendants in various roles at the hospital, including but not limited to medical staff, administrative personnel, and support staff.

37.     On approximately March 14, 2025, the Defendants closed all outpatient services except for the emergency room, lab, and x-ray services.

38.     Defendants' discontinuation of outpatient services except for the emergency room, lab, and x-ray services on March 14, 2025 was a "mass layoff" under the WARN Act (the "March 14, 2025 Closing") . 29 U.S.C. § 2101 (a)(2).

39.     The March 14, 2025 Closing caused "employment loss" for more than100 Putative Plaintiffs who worked in the Defendants' outpatient services except for the emergency room, lab, and x-ray services.

40.     Defendants failed to provide more than 100 Putative Plaintiffs subject to the March 14, 2025 Closing, who were the affected employees, with 60-days' written notice of the "mass layoff."

41.     The Defendants provided no notice of the "mass layoff" to the affected employees, and most found out from fellow employees on social media.

42.     On March 21, 2025, approximately two weeks after halting outpatient services, the Defendants permanently ceased all operations, including the emergency room, lab, and x-ray services.

43.     Defendants' discontinuation of all operations on March 21, 2025 was an additional "plant closing" under the WARN Act (the "March 21, 2025 Closing"). 29 U.S.C. § 2101 (a)(2).

44.     Upon information and belief, on April 1, 2025, Defendants' power shut off and was temporarily restored.

45.     Upon information and belief, on April 2, 2025, Defendants power shut off again and Named Plaintiff Shields was required by fire marshals to evacuate the building. The status of her employment remains unknown as of the filing of this Complaint.

46.     The March 21, 2025 Closing caused "employment loss" for more than100 Putative Plaintiffs who worked in the Defendants' emergency room, lab, and x-ray services departments.

47.     Defendants failed to provide more than  100 Putative Plaintiffs subject to the March 21, 2025 Closing, who were the affected employees, with 60-days' written notice of the "plant closing."

48.     The Defendants provided no notice of the "plant closing" to the affected employees, and most found out from fellow employees on social media.

7

49.     Indeed, upon information and belief, Named Plaintiffs and the Putative Plaintiffs learned of the Defendants' closure on the day it occurred, either through an email from Defendant Johnson or HR Coordinator Rick Oliver, or via news articles on social media websites.

50.     Upon information and belief, the March 14, 2025 Closing "mass layoff" and the March 21, 2025 Closing "plant closing" were not the result of unforeseeable circumstances.

51.     Upon information and belief, the March 14, 2025 Closing "mass layoff" and the March 21, 2025 Closing "plant closing" were not a result of natural disaster.

52.     Upon information and belief, Defendants did not vote to liquidate the corporate entity or file for bankruptcy protection prior to the March 14, 2025 Closing mass layoff or the March 21, 2025 Closing "plant closing."

53.     Upon information and belief, Defendants cannot demonstrate that they were actively seeking capital or financing, and that giving WARN Act notice would have prevented them from obtaining it.

54.     Defendants had no good faith basis to claim that a shortened notice was not practicable.

55.     Defendants did not serve notice of the March 14, 2025 Closing mass layoff or the March 21, 2025 Closing "plant closing" on the Ohio dislocated worker unit and the Ohio Department of Job and Family Services ("ODJFS") as required by the WARN Act; attached are the 2024 and 2025 ODJFS WARN Act notifications that show no listing for any of the Defendants as of April 4, 2025. *See* **Exhibit D**.

56.     Defendants were required by Ohio Rev. Code § 4141.28(D) to furnish the director of the ODJFS notice of the of the March 14, 2025 Closing mass layoff or the March 21, 2025 Closing "plant closing" within three (3) working days of the events, which it failed to do.

57. Defendants willfully violated the WARN Act by terminating the Named Plaintiffs and the Putative Plaintiffs without 60-days' notice causing them "employment loss."

## B. FACTS PERTAINING TO DEFENDANT'S OVERTIME AND MINIMUM WAGE VIOLATIONS

58. Named Plaintiffs and the Putative Plaintiffs were employed by Defendants in various roles at the hospital, including but not limited to medical staff, administrative personnel, and support staff.

59. During all times material to this Complaint, Defendants were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or has had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

60. Plaintiff Shields and Plaintiff Bleininger, as physician assistants, are still currently working at the hospital on an as-needed basis in order to prescribe necessary medications and transfer patient personnel records.

61. Prior to its March 21, 2025 Closing, Named Plaintiffs and the Putative Plaintiffs did not receive several paychecks owed to them and, as a result, did not receive compensation for all hours worked.

62. As of the date of the filing of this Complaint, Plaintiff Bleininger and Plaintiff Harding have received their paycheck for March 7, 2025.

63. However, Plaintiff Shields, along with other Putative Plaintiffs, have not received payment for this date, nor have they been compensated since February 21, 2025.

64.     On March 28, 2025, Plaintiff Shields received a wire transfer to her bank account from an unidentified sender. The transaction does not indicate that it originated from the Defendants.

65.     Additionally, none of the Named Plaintiffs or Putative Plaintiffs have received their paycheck for March 21, 2025.

66.     To the date of the filing of this Complaint, Named Plaintiff and the Putative Plaintiffs have yet to receive paychecks owed to them by Defendants for work they have already performed for Defendants' benefit.

67.     By failing to pay Named Plaintiffs and the Putative Plaintiffs for all hours worked, Defendants have unfairly benefited from the work of these employees.

68.     Indeed, because Defendants did not provide Named Plaintiffs and the Putative Plaintiffs compensation for their work, there were workweeks where Defendants did not pay the required minimum wages and/or overtime at 1.5 times their regular rate for all hours worked over 40 in a workweek.

69.     By not paying Named Plaintiffs and the Putative Plaintiffs minimum wage for all hours worked and 150% of their regular rate for all hours worked over forty (40) in a workweek, Defendants willfully violated the FLSA and Ohio Wage Laws.

## V.     CLASS ACTION ALLEGATIONS

70.     Named Plaintiffs bring Count I, IV, V, and VI as a class action pursuant to Fed. R. Civ. P. 23 on behalf of themselves and two subclasses.

71.     The  WARN Act Mass Lay Off Subclass consists of:

> All employees who worked at East Ohio Regional Hospital who were terminated and/or whose hours were reduced by more than 50% percent, on/or within 60 days of March 14, 2025 "mass layoff", without receiving 60 days' notice.

72.     The WARN Act Plant Closing Subclass consists of:

All employees who worked at East Ohio Regional Hospital who were terminated and/or whose hours were reduced by more than 50% percent, on/or within 60 days of March 21, 2025 "plant closing", without receiving 60 days' notice.

73. Named Plaintiffs reserve the right to amend and refine the definition of the subclasses they seek to represent based upon further investigation and discovery

74. Named Plaintiff Harding is a member of the WARN Act Mass Lay Off Subclass they seek to represent.

75. Named Plaintiff Shields and Named Plaintiff Belininger are members of the WARN Act Plant Closing Subclass they seek to represent

76. The WARN Act Mass Lay Off Subclass and the WARN Act Plant Closing Subclass will be collectively referred to as the WARN Act Classes. The only difference between the two (2) subclasses is the date they occurred.

77. Named Plaintiffs and the WARN Act Classes share the same pivotal questions of law and fact, satisfying Fed. R. Civ. P. 23(a)(2). As a result, the WARN Act Classes shares several factual and legal questions; including:

    a. Were the Defendants a single enterprise;

    b. Were the Defendants an "employer" under 29 U.S.C. § 2101(a)(1);

    c. Were the Named Plaintiffs and the WARN Act Classes are "affected" employees under 29 U.S.C. § 2101(a)(5),

    d. Did Defendants order a "mass layoff" under 29 U.S.C. § 2101(a)(3);

    e. Did Defendants order a "plant closing" under 29 U.S.C. § 2101(a)(2);

    f. Did Defendants fail to provide the Named Plaintiffs and the WARN Act Classes with 60-days' written notice, as required by the WARN Act. 29 U.S.C. § 2102 (a)(1).

78. Named Plaintiffs' claims are typical of the claims of the WARN Act Classes because they stem from a unified decision-making process satisfying Fed. R. Civ. P. 23(a)(3). Thus, in

advancing their own claims, Named Plaintiffs will also be advancing the claims of the WARN Act Classes.

79.     Named Plaintiffs will fairly and adequately represent and protect the interests of the WARN Act Classes satisfying Fed. R. Civ. P. 23(a)(4). Named Plaintiffs' interests are shared with the WARN Classes and Named Plaintiffs have no interests that conflict with those of the WARN Act Classes.

80.     Named Plaintiffs' retained competent counsel experienced in representing classes of employees against their employers related to their employer's failure to comply with federal and state regulations and common law.

81.     Defendants have created a scenario where questions of law and fact common to the WARN Act Classes predominate over any questions affecting only individual members. Thus, a class action is superior to other available methods for the fair and efficient adjudication of this matter. Named Plaintiffs are entitled to pursue his claims as a class action, pursuant to Fed. R. Civ. P. 23(b)(3).

## VI.    COURT SUPERVISED NOTICE

82.     Named Plaintiffs bring Count II pursuant to 29 U.S.C. § 216(b) and Count III Ohio Rev. Code 4114.

83.     Named Plaintiffs request that the Court issue Court Supervised Notice to the following group of current and former employees defined as:

> All employees who worked at East Ohio Regional Hospital since January 13, 2025 till present. ("Employees Entitled to Notice")

84.     Named Plaintiffs reserve the right to amend and refine the definition of the Employees Entitled to Notice they seek to have the Court serve notice based upon further investigation and discovery.

85.     The precise size and identity of the proposed Employees Entitled to Notice should be ascertainable from the business records, tax records, and/or employee and personnel records of Defendants.

86.     Court Supervised Notice pursuant to 29 U.S.C. § 216(b) and Ohio Revised Code § 4111.14 (k) to the Employees Entitled to Notice is appropriate because there exists at least a strong likelihood that they are similarly situated to the Named Plaintiffs.

87.     Sending Court Supervised Notice to the Employees Entitled to Notice is appropriate because they have been subjected to single companywide policies and common business practices referenced in the paragraphs above, and the success of their claims depends upon the resolution of common issues of law and fact, including *inter alia*, whether Defendants failed to pay them at least federal and Ohio minimum wage and/or overtime wage, and whether Defendants satisfied the requirements of the WARN Act under 29 U.S.C. § 2102 (a)(1).

88.     Named Plaintiffs and the Employees Entitled to Notice, having willfully been not paid their entitled compensation for work they performed pursuant to the common policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b), Ohio Constitution, and Ohio Revised Code § 4111.14 (k), and the associated decisional law.

89.     The Named Plaintiffs and the Employees Entitled to Notice have been similarly affected by the violations of Defendants in workweeks during the relevant time period, which amount to a single decision, policy, or plan to willfully avoid paying all earned FLSA, Ohio Constitution and Ohio Wage Law compliant wages.

90.     Named Plaintiffs seek to have the Court send supervised notice to the proposed group of similarly situated current and former employees, i.e., Employees Entitled to Notice.

91.     Named Plaintiffs are similarly situated to the Employees Entitled to Notice and will prosecute this action vigorously on their behalf.

13

92.     The names and addresses of the Employees Entitled to Notice are available from Defendants' records. For the purpose of notice and other purposes related to this action, their names, addresses, email addresses, and phone numbers are readily available from Defendants. Notice can be provided by means permissible under the FLSA, Ohio Constitution and Ohio Wage Laws.

93.     Named Plaintiffs and the Employees Entitled to Notice have been damaged by Defendants' willful misclassification and refusal to pay the appropriate wages for all hours worked.

94.     As a result of Defendants' FLSA violations, Named Plaintiffs and the Employees Entitled to Notice are entitled to damages, including, but not limited to, unpaid wages, liquidated damages, costs, and attorneys' fees.

## VII.    CAUSES OF ACTION

### COUNT I
### VIOLATIONS OF THE WARN ACT UNDER 29 U.S.C. § 2101 et seq.

95.     Named Plaintiffs re-allege, and incorporate by reference, the allegations set forth in paragraphs 1 through 91.

96.     Named Plaintiffs and the WARN Act Classes are "affected employees" under 29 U.S.C. § 2101(a)(5).

97.     Defendants are "employers" under 29 U.S.C. § 2101(a)(1), since they employed more than 100 employees who, in the aggregate, worked at least 4,000 hours per week, exclusive of overtime.

98.     Defendants' March 14, 2025 Closing was a "mass layoff" under 29 U.S.C. § 2101(a)(3), that caused "employment loss" to Named Plaintiff Harding and the WARN Act Mass Lay Off Subclass under 29 U.S.C. § 2101(a)(6).

99.     Defendants' March 21, 2025 Closing was a "plant closing" under 29 U.S.C. § 2101(a)(2), that caused "employment loss" to Named Plaintiffs Shields, Named Plaintiff Bleininger, and the WARN Act Plant Closing Off Subclass under 29 U.S.C. § 2101(a)(6).

14

100.    Defendants failed to provide Named Plaintiffs and the WARN Act Classes with 60-days' written notice, as required by the WARN Act. 29 U.S.C. § 2102 (a)(1).

101.    Defendants failed to provide the Ohio Department of Job and Family Services notice of the mass layoff and the plant closing within the time required by Ohio rev. code § 4141.28(D). 29 U.S.C. § 2102 (a)(2).

102.    As such, Named Plaintiffs and the WARN Act Classes are entitled to back pay, benefits, attorneys' fees and costs, and other equitable relief. *See* 29 U.S.C. § 2104(a)(6).

## COUNT II

### VIOLATION OF THE MINIMUM WAGE AND OVERTIME REQUIREMENTS OF THE FLSA

103.    Named Plaintiffs re-allege, and incorporate by reference, the allegations set forth in paragraphs 1 through 91.

104.    Named Plaintiffs assert this claim on behalf of themselves and the Employees Entitled to Notice who opt into this action by filing a consent form, pursuant to 29 U.S.C. § 216(b).

105.    Named Plaintiffs and the Employees Entitled to Notice are employees entitled to the FLSA's protections as they were employees within the meaning of 29 U.S.C. § 203(e)(1) and the Defendants were employers within the meaning of 29 U.S.C. § 203 (d).

106.    Here, through the companywide practice of refusing to pay Named Plaintiffs and the Employees Entitled to Notice their wages for work performed, Defendants have not satisfied their minimum wage obligations.

107.    The FLSA entitles employees to a minimum hourly wage of $7.25 for every hour worked. 29 U.S.C. § 206(a).

108.    The FLSA entitles employees to an overtime rate "not less than one and one-half times" their regular rate of pay for hours worked over 40 hours in a workweek. 29 U.S.C § 207.

15

109. The minimum overtime hourly wage is $10.88 per hour (i.e., one and one-half times $7.25 per hour). 29 U.S.C §§ 206(a), 207.

110. As such, Defendants have violated the FLSA by failing to pay Named Plaintiffs and the Employees Entitled to Notice for all time worked at $7.25 per hour (and $10.88 per hour for hours over 40 in a workweek).

111. Named Plaintiffs and the Employees Entitled to Notice are entitled to recover all unpaid minimum and overtime wages, an equal amount of liquidated damages, and attorneys' fees and expenses, pursuant to 29 U.S.C. § 216(b).

112. In violating the FLSA, Defendants have jointly acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## COUNT III
## VIOLATION OF THE OHIO CONSTITUTION, ARTICLE II, SECTION 34a

113. Named Plaintiffs re-allege, and incorporate by reference, the allegations set forth in paragraphs 1 through 91.

114. Named Plaintiffs bring their Ohio Constitution, Ohio Wage Act and OPPA claims on behalf of themselves, and the Employees Entitled to Notice who join this lawsuit.

115. Named Plaintiffs and the Employees Entitled to Notice who join this lawsuit are employees within the meaning of O.R.C. §§ 4111.14(B) and Oh. Const. Art. II, § 34a protected by the mandates of the Ohio Constitution.

116. Defendants are joint employers within the meaning of O.R.C. § 4111.14(B) and Oh. Const. Art. II, § 34a and therefore required to comply with the mandates of the Ohio Constitution.

117. Article II, Section 34a of the Ohio Constitution and O.R.C. § 4111.02 entitles employees to a minimum hourly wage that increases each year (2025 — $10.70 per hour; 2024— $10.45 per hour; 2023 — $10.10 per hour; 2022 — $9.30 per hour).

118.     In violation of Article II, Section 34(a) of the Ohio Constitution Defendants failed to pay the Named Plaintiffs, and the Employees Entitled to Notice wages and thus did not pay them the required Ohio statutory wages for any hour they worked.

119.     Thus, Defendants have violated O.R.C. § 4111.14(B) and Oh. Const. Art. II, § 34a by paying Named Plaintiffs and the Employees Entitled to Notice who join this lawsuit an hourly wage below the required minimum wage.

120.     In violating the Ohio Wage Act, Defendants' joint acts and omissions have been of a willful, intentional, and bad faith nature or otherwise in reckless disregard of the Ohio Wage Act.

121.     Named Plaintiffs and the Employees Entitled to Notice who join this lawsuit are entitled to unpaid minimum wages and two times those wages as additional statutory damages, interest, and attorneys' fees and expenses, and all other remedies available.

<u>**COUNT IV**</u>
**VIOLATION OF THE OHIO PROMPT PAY ACT**

122.     Named Plaintiffs re-allege, and incorporate by reference, the allegations set forth in paragraphs 1 through 91.

123.     Named Plaintiffs assert this claim on behalf of themselves and the WARN Act Classes.

124.     The OPPA provides that employers shall pay covered employees all wages, on or before the first day of each month for wages earned during the first half of the preceding month ending with the fifteenth day thereof, and, on or before the fifteenth day of each month, for wages earned during the preceding calendar month. *See* O.R.C. § 4113.15(A).

125.     At all times relevant to this Complaint, Defendants have refused to pay Named Plaintiffs and the WARN Act Classes all wages at the statutorily mandated minimum wage rate, within thirty (30) days beyond their regular scheduled payday.

126.     Defendants' violations of the OPPA have been of a willful, intentional, or bad faith nature or Defendants have otherwise exhibited a reckless disregard of the OPPA's provisions.

127.     Named Plaintiffs and the WARN Act Classes are entitled to an additional six percent (6%) of the unpaid minimum wages as additional liquidated damages, and all other remedies available.

### COUNT V
### CIVIL PENALITIES FOR CRIMINAL ACTS
### O.R.C. § 2307.60

128.     Named Plaintiffs re-allege, and incorporate by reference, the allegations set forth in paragraphs 1 through 91.

129.     Named Plaintiffs assert this claim on behalf of themselves, WARN Act Classes, and the Employees Entitled to Notice who join this lawsuit.

130.     Ohio Rev. Code § 4141.40 provides a fine of twenty-five dollars ($25.00) to no more than one thousand dollars ($1,000.00) for every "employer, … or other person" violates this chapter.

131.     The Fair Labor Standards Act, 29 U.S.C. § 216(a), imposes criminal penalties for willful violations of the FLSA.

132.     By their acts and omissions described herein, Defendants have willfully violated the FLSA and Ohio Rev. Code § 4141.28(D) causing Named Plaintiffs, the WARN Act Classes, and the Employees Entitled to Notice who join this lawsuit injury.

133.     O.R.C. § 2307.60 permits anyone injured in one person or property by a criminal act to recover damages in a civil action, including exemplary and punitive damages.

134.     As a result of Defendants' willful violations of the FLSA and Ohio Rev. Code § 4141.28(D), Named Plaintiffs, the WARN Act Classes, and the Employees Entitled to Notice who join this lawsuit are entitled to compensatory and punitive damages pursuant to O.R.C. § 2307.60.

### COUNT VI
### UNJUST ENRICHMENT

135.    Named Plaintiffs re-allege, and incorporate by reference, the allegations set forth in paragraphs 1 through 91.

136.    Named Plaintiffs assert this claim on behalf of themselves and the Employees Entitled to Notice who join this lawsuit.

137.    From the time spanning from approximately January 13, 2025, until the date of this filing, Named Plaintiffs and the Employees Entitled to Notice have not been compensated for all hours worked at the statutory minimum wage and all hours worked over forty (40) hours in a workweek at a rate of 150% their respective regular rates.

138.    As of the date of the filing of this Complaint, Named Plaintiffs and the Employees Entitled to Notice are owed compensation for their work performed for Defendant's benefit during this time.

139.    Resultingly, Named Plaintiffs and the Employees Entitled to Notice are still owed for approximately hundreds of hours worked under Defendant's benefit.

140.    Named Plaintiffs and the Employees Entitled to Notice earned their wages from three years prior to the date of the filing of this complaint until their last date worked and are entitled to this compensation.

141.    As a result, Defendants are unjustly enriched at Named Plaintiffs' and the Employees Entitled to Notice' expense in the amount of compensation owed for the above time period.

142.    It is against equity and good conscience to permit Defendants to benefit from this uncompensated work.

143.    Thus, Defendants should compensate Named Plaintiffs, and the Employees Entitled to Notice for the work performed which benefited Defendants for the time they were employed in the three years prior to the date of the filing of this complaint.

**PRAYER FOR RELIEF**

WHEREFORE, Named Plaintiffs, on behalf of themselves, and the WARN Act Classes and the Employees Entitled to Notice pray that this Court enter the following relief:

A.      An order permitting the WARN Act litigation to proceed as a class action pursuant to Fed. R. Civ. P. 23 pursuant to Fed. R. Civ. P. 23, to the WARN Act Classes.

B.      An order certifying the WARN Act Classes as described herein and ordering prompt notice of this litigation.

C.      An order appointing the undersigned as Class Counsel.

D.      Find and declare that the Defendants violated the WARN Act.

E.      Find and declare that Defendants violated Ohio Rev. Code § 4141.28(D).

F.      Award Plaintiffs and the Class 60-days' back pay and benefits, in an amount to be determined at trial;

G.      Award Plaintiff and the Class pre- and post-judgment interest, as authorized by law;

H.      Award Plaintiff and the Class reasonable attorneys' fees and costs; and

I.      Award any other relief as this Court may deem just and proper.

## ALTERNATIVELY

J.      For an Order sending Court Supervised Notice to the Employees Entitled to Notice pursuant to 29 U.S.C. § 216(b) and Ohio Rev. Code § 4111.14(k) as defined herein and requiring Defendants to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members.

K.      Issuing proper notice to the Employees Entitled to Notice at Defendants' expense.

L.      A finding that Defendants have violated the FLSA and the Ohio Wage Laws.

M.      An order awarding the Plaintiffs and the Employees Entitled to Notice who join this case back pay equal Ohio minimum wages for all hours worked and not paid from January 13, 2025 to the present, plus an additional two times that amount in liquidated damages.

N.      An order equitably tolling the statute of limitations as of the Named Plaintiffs and Employees Entitled to Notice.

O.      Designation of the Named Plaintiffs as representative of the Employees Entitled to Noice who join this lawsuit and counsel of record as their counsel.

P.      Awarding Named Plaintiffs and the Employees Entitled to Noice who join this lawsuit the sum of 6% of the total unpaid wages or $200.00 for each instance of failure to pay wages owed within thirty days, whichever is greater, pursuant to the OPPA.

Q.      A finding that Defendants acted willfully and without a good faith basis for their violations of the FLSA and the Ohio Wage Laws.

R.      A finding that Defendants have violated the FLSA and the Ohio Wage Laws, and that Defendants have been unjustly enriched by retaining employee paycheck deductions

S.      Compensatory and punitive damages under O.R.C. § 2307.60.

T.      An award of prejudgment and post-judgment interest.

U.      An award of costs and expenses of this action, together with reasonable attorneys' fees and expert fees; and,

V.      Any other relief to which the Named Plaintiffs and the Employees Entitled to Notice who join this lawsuit may be entitled.

Dated: April 4, 2025                  Respectfully submitted,

                                      BARKAN MEIZLISH DEROSE COX, LLP

                                      /s/ Robert E. DeRose
                                      Robert E. DeRose (OH Bar No. 0055214)
                                      Anna R. Caplan (OH Bar. No 0104562)
                                      4200 Regent Street, Suite 210

Columbus, OH 43219
Phone: (614) 221-4221
Facsimile: (614) 744-2300
Email:  bderose@barkanmeizlish.com
         acaplan@barkanmeizlish.com

*/s/ Michelle L. Marinacci*
Michelle L. Marinacci (Bar No.0087171)
Jeremy McGraw (Bar No.0083313)
**GOLD, KHOUREY, AND TURAK, L.C.**
510 Tomlinson Ave.
Moundsville, West Virginia 26041
T (304) 845-9750
F (304) 845-186
E:     mlm@gkt.com
       jmm@gkt.com

*Attorneys for Plaintiffs*


## JURY DEMAND

Plaintiff hereby demands a trial by jury on all claims so triable.

*/s/ Robert E. DeRose*
Robert E. DeRose
*Attorney for Plaintiffs*