**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **HEATHER SHIELDS, MORGAN BLEININGER, JESSICA HARDING, STARR WISE, and JENNIFER MYERS** individually and on behalf of all individuals similarly situated, | : : : : : : | **CASE NO.: 2:25-cv-00353** **JUDGE WATSON** |
| | : | **MAGISTRATE JUDGE DEAVERS** |
| *Plaintiffs*, | : : : | |
| v. | : : | **JURY TRIAL DEMANDED** |
| **EAST OHIO HOSPITAL, LLC** *dba* **EAST OHIO REGIONAL HOSPITAL,** | : : : | |
| **&** | : : | |
| **DOCTOR JOHN A. JOHNSON,** | : : | |
| **&** | : : | |
| **ACCESS OHIO, LLC dba ACCESS OHIO PRIMARY CARE ACCESS,** | : : : | |
| *Defendants*. | : : | |

---

**FIRST AMENDED COURT SUPERVISED NOTICE AND RULE 23 CLASS
COMPLAINT**

---

## I.    <u>INTRODUCTION</u>

1.     Heather Shields ("Plaintiff Shields"), Morgan Bleininger ("Plaintiff Bleininger"), Jessica Harding ("Plaintiff Harding"), Starr Wise ("Plaintiff Wise"), and Jennifer Myers ("Plaintiff Myers") (hereinafter "Named Plaintiffs") bring this action against Defendants East Ohio Hospital, LLC *dba* East Ohio Regional Hospital ("Defendant EORH"), and Doctor John A. Johnson ("Dr. Johnson") (collectively "Defendants"). Defendants are a single enterprise that does business under the name of East Ohio Hospital, LLC in Columbus, Ohio.

2. Named Plaintiffs and those similarly situated (the "WARN Act Plaintiffs') bring federal claims against Defendants, who were their employers, in order to recover lost wages, benefits, attorneys' fees and costs, and other equitable relief under the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. § 2102(a) for themselves and those similarly situated. Defendants violated the WARN Act by failing to give a sixty (60) day written notice of its closure. The WARN Act Plaintiffs bring their WARN Act claims pursuant to pursuant to Rule 23 of the Federal Rules of Civil Procedure.

3. Named Plaintiffs and those similarly situated (the "FLSA Minimum Wage Plaintiffs") bring federal wage claims against Defendants, who were their employers, in order to recover compensation, liquidated damages, attorneys' fees and costs, and other equitable relief pursuant to the Fair Labor Standard Act of 1939 ("FLSA"), as amended 29 U.S.C. § 201 et seq. The FLSA Minimum Wage Plaintiffs seek Court Supervised Notice pursuant to 29 U.S.C. § 216(b) to inform other similarly situated employees of their rights under the FLSA.

4. Plaintiff Wise and those similarly situated (the "FLSA Lunch Claim Plaintiffs") bring federal wage claims against Defendants, who were their employers, in order to recover compensation, liquidated damages, attorneys' fees and costs, and other equitable relief pursuant to the Fair Labor Standard Act of 1939 ("FLSA"), as amended 29 U.S.C. § 201 et seq. The FLSA Lunch Claim Plaintiffs seek Court Supervised Notice pursuant to 29 U.S.C. § 216(b) to inform other similarly situated employees of their rights under the FLSA.

5. Plaintiff Shields, Plaintiff Bleininger, Plaintiff Harding, Plaintiff Myers, and those similarly situated (the "ERISA Plaintiffs") bring federal claims against Defendants, who were their employers, in order to recover benefits due to them under 29 U.S.C. § 1132(a) and other equitable relief for breach of their fiduciary duties under the Employment Investment Retirement Income Security Act of 1974 ("ERISA"), codified in 29 U.S.C. § 1104. Defendants breached their co-fiduciary

2

duty that each owed individually to Plaintiffs under 29 U.S.C. § 1105. The ERISA Plaintiffs bring their ERISA claims pursuant to Rule 23 of the Federal Rules of Civil Procedure.

6.     The ERISA Plaintiffs allege that Defendants have been unjustly enriched at their expense by retaining their health insurance deductions and 401(k) paystub deductions for their own personal and other business uses. The ERISA Plaintiffs conferred this benefit, Defendants appreciated the benefits, and it would be inequitable for Defendants to retain the benefits without payment for their value. Accordingly, Defendants must repay the value of the deductions unlawfully retained, along with all damages and costs the ERISA Plaintiffs incurred. The ERISA Plaintiffs bring their unjust enrichment claims pursuant to Rule 23 of the Federal Rules of Civil Procedure.

7.     The WARN Act Plaintiffs bring Ohio claims against Defendants, who were their employers, in order to recover lost wages, benefits, attorneys' fees and costs, and other equitable relief under the Ohio WARN Act, Ohio Rev. Code § 4141.28(D) for themselves and those similarly situated. Defendants violated the Ohio WARN Act by failing to furnish notice to the director of the Ohio Department of Job and Family Services at least three working days prior to the date of the first day of such layoff or separation.

8.     The FLSA Minimum Wage Plaintiffs and the FLSA Lunch Claim Plaintiffs bring Ohio wage claims against Defendants, who were their employers, in order to recover compensation, liquidated damages, attorneys' fees and costs, and other equitable relief pursuant to the Ohio Minimum Fair Wage Standards Act, O.R.C. §§ 4111 et. seq., (the "Ohio Wage Act"), the Ohio Prompt Pay Act ("OPPA"), O.R.C. § 4113.15, the Ohio Constitution, Art. II Section 34a ("Ohio Constitution") (the Ohio Wage Act, the OPPA and the Ohio Constitution will be collectively referred to herein as the "Ohio Wage Laws") and O.R.C. § 2307.60. The FLSA Minimum Wage Plaintiffs and the FLSA Lunch Claim Plaintiffs bring their Ohio Wage Act, Ohio Constitution, and O.R.C. § 2307.60 claims pursuant

to Ohio Rev. Code § 4111.14(k) and the OPPA claims pursuant to Rule 23 of the Federal Rules of Civil Procedure.

9.      The WARN Act Plaintiffs, the FLSA Minimum Wage Plaintiffs, the FLSA Lunch Claim Plaintiffs, and the ERISA Plaintiffs will be collectively referred to as the Putative Plaintiffs.

## II.     JURISDICTION AND VENUE

10.     This Court has jurisdiction over Named Plaintiffs' and the Putative Plaintiffs' claims because they are brought pursuant to the WARN Act, the FLSA and ERISA, which raise federal questions pursuant to 28 U.S.C. § 1331.

11.     This Court has jurisdiction over Named Plaintiffs' and the Putative Plaintiffs' supplemental Ohio WARN Act, Ohio Wage Laws and O.R.C. § 2307.60 claims pursuant to 28 U.S.C. § 1367.

12.     Venue for this action properly lies in the Southern District of Ohio, pursuant to 28 U.S.C. § 1391, because Defendants reside in this judicial district and because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## III.    PARTIES

### A.    Plaintiffs

13.     Plaintiff Heather Sheilds ("Plaintiff Shields") is an adult individual residing in St. Clairsville, Ohio at 47735 Cherry Tree Drive St. Clairsville, OH 43950. Plaintiff Sheilds began her employment with Defendants as a physician assistant on July 21, 2021, and remains employed as of the date of the filing of this Complaint. Her Notice of Consent to Join this Lawsuit was filed on April 4, 2025. *See* ECF No. 1-1, PAGEID# 23.

14.     Plaintiff Morgan Bleininger ("Plaintiff Bleininger") is an adult individual residing in Bethesda, Ohio at 48443 Coal Run Road Bethesda, OH 43719. Plaintiff Bleininger began her employment with Defendants on June 24, 2022, at Defendants' gastroenterology office in Saint

4

Clairsville, and remains employed as of the date of the filing of this Complaint. Her Notice of Consent to Join this Lawsuit was filed on April 4, 2025. *See* ECF No. 1-2, PAGEID# 25.

15.     Plaintiff Jessica Harding ("Plaintiff Harding") is an adult individual residing in New Cumberland, West Virginia at 104 Diane Street New Cumberland, WV 26047. Plaintiff Harding was employed with Defendants as a medical lab tech supervisor from December 19, 2022, to March 17, 2025. Her Notice of Consent to Join this Lawsuit was filed on April 4, 2025. *See* ECF No. 1-3, PAGEID# 27.

16.     Plaintiff Starr Wise ("Plaintiff Wise") is an adult individual residing in Martins Ferry, Ohio at 903 Broadway Street Martins Ferry, OH 43935. Plaintiff Wise was employed with Defendants as a dietary hostess from approximately December 2021 until March 16, 2025. Her Notice of Consent to Join this Lawsuit was filed on April 8, 2025. *See* ECF No. 5-1, PAGEID# 95. .

17.     Plaintiff Jennifer Myers ("Plaintiff Myers") is an adult individual residing in Wellsburg, West Virginia at 608 McKnight Drive Wellsburg, WV 26070. Plaintiff Myers was employed with Defendants as a physician assistant from approximately March 2023 until March 13, 2025. Her Notice of Consent to Join this Lawsuit was filed on April 9, 2025. *See* ECF No. 6-1, PAGEID# 128.

18.     The WARN Act Putative Plaintiffs are Defendants' employees who worked at East Ohio Regional Hospital who were terminated and/or whose hours were reduced by more than 50% percent, on/or within 60 days after March 14, 2025, without receiving 60 days' notice.

19.     The FLSA Minimum Wage Putative Plaintiffs are Defendants' employees who worked at East Ohio Regional Hospital since February 16, 2025, who have not been paid at least the federal or the 2025 Ohio Minimum Wage for all hours worked.

20.     The ERISA Putative Plaintiffs are Defendants' employees who worked at East Ohio Regional Hospital since January 1, 2024 who had medical insurance premiums, and 401(k) contributions deducted from their paychecks and not properly paid according to the respective Plans.

21.     The FLSA Lunch Claim Plaintiffs are Defendants' employees who worked at East Ohio Regional Hospital since April 10, 2022 who were subject to auto deducted unpaid lunch.

**B. Defendants**

22.     Defendant East Ohio Hospital, LLC *dba* East Ohio Regional Hospital ("Defendant-EORH") is a domestic limited liability company and is registered to do business in the state of Ohio. Process may be served upon its Registered Agent, Latha Johnson at 4319 Vaux Link New Albany, OH 43054.

23.     Defendant Doctor John A. Johnson ("Defendant Johnson") who resides at 4319 Vaux Link, New Albany, OH 43054 is the founder and CEO of Defendant Access Ohio, LLC and the owner of Defendant East Ohio Hospital, LLC.

24.     Defendant Access Ohio, LLC *dba* Access Ohio Primary Care Access ("Defendant-Access, LLC") located at 6400 East Broad Street, Suite 400, Columbus OH 43213 is a domestic liability company and is registered to do business in the State of Ohio and has an operation located within and at Defendant- EORH. Defendant Access, LLC can be served through its statutory agent, John A. Johnson at 4319 Vaux Link, New Albany, OH 43054.

25.     Defendant-EORH, Defendant Johnson, and Defendant-Access, LLC, will be collectively referred to as "Defendants."

26.     Defendants hold themselves out as, act as, and in fact comprise a single enterprise.

27.     Defendants centrally control employment policies and practices for all of their employees.

28.     Defendants regularly oversee business operations, address employment issues, and specifically implement pay, benefits, and other employment practices and policies.

29.     Defendants share a common purpose of operating a 140-bed health care facility located in downtown Martins Ferry, Ohio.

6

30. Defendants' enterprise acts through each of the Defendants.

31. Furthermore, each of the Defendants acts directly in the interest of themselves and others comprising the enterprise as an employer in relation to Named Plaintiffs and the Putative Plaintiffs.

32. Thus, each Defendant is a "person" (within the meaning of the WARN Act and the Ohio WARN Act, the FLSA, ERISA, and the Ohio Wage Laws) "acting directly or indirectly in the interest of an employer in relation to an employee." *See* 29 U.S.C. §§ 203(a),

33. As a result, Defendants, both individually and collectively, employ the Named Plaintiff and the Putative Plaintiffs within the meaning of the WARN Act, the Ohio WARN Act, the FLSA, ERISA, and the Ohio Wage Laws.

IV. **FACTUAL ALLEGATIONS**

34. At all times material to this Complaint, Defendants were joint employers within the meaning of the WARN Act and the Ohio WARN Act, the FLSA, ERISA, and the Ohio Wage Laws.

35. During all times material to this Complaint, Defendants had common ownership.

36. During all times material to this Complaint, Defendants had common directors, officers, and/or owners.

37. During all times material to this Complaint, Defendants jointly had <u>at least</u> *de facto* exercise of control over the Named Plaintiffs and all Putative Plaintiffs.

38. During all times material to this Complaint, Defendants jointly exercised unity of personnel policies that emanated from a common source.

39. During all times material to this Complaint, Defendants jointly exercised a "dependency of operations" with the sharing of administrative services, interchange of employees and/or equipment, and comingled finances.

40.    During all times material to this Complaint, Named Plaintiffs and all Putative Plaintiffs were Defendants' employees pursuant to the WARN Act and the Ohio WARN Act, the FLSA, ERISA, and the Ohio Wage Laws.

41.    Defendants jointly employ Named Plaintiffs and all Putative Plaintiffs to provide health care services to their patients at a single location in Martins Ferry, Ohio.

### A.    FACTS PERTAINING TO DEFENDANTS' WARN ACT VIOLATIONS

42.    Defendants were an "employer" as defined by the WARN Act because it was a business enterprise that employs more than one-hundred (100) employees who in the aggregate work at least 4,000 hours per week (exclusive of overtime hours). 29 U.S.C. § 2101(a)(1)(A)-(B).

43.    The WARN Act Plaintiffs and their Putative Plaintiffs are employed by Defendants in various roles at the hospital, including but not limited to medical staff, administrative personnel, and support staff.

44.    On approximately March 14, 2025, the Defendants closed all outpatient services except for the emergency room, lab, and x-ray services.

45.    Defendants' discontinuation of outpatient services except for the emergency room, lab, and x-ray services on March 14, 2025 was a "mass layoff" under the WARN Act (the "March 14, 2025 Closing") . 29 U.S.C. § 2101 (a)(2).

46.    The March 14, 2025 Closing caused "employment loss" for more than 100 Putative Plaintiffs who worked in the Defendants' outpatient services except for the emergency room, lab, and x-ray services.

47.    Defendants failed to provide more than 100 WARN Act Putative Plaintiffs subject to the March 14, 2025 Closing, who were the affected employees, with 60-days' written notice of the "mass layoff."

48.     The Defendants provided no notice of the "mass layoff" to the affected employees, and most found out from fellow employees on social media.

49.     On March 21, 2025, approximately one week after halting outpatient services, the Defendants permanently ceased all operations, including the emergency room, lab, and x-ray services.

50.     Defendants' discontinuation of all operations on March 21, 2025 was an additional "plant closing" under the WARN Act (the "March 21, 2025 Closing"). 29 U.S.C. § 2101 (a)(2).

51.     Upon information and belief, on April 1, 2025, Defendants' power shut off and was temporarily restored.

52.     Upon information and belief, on April 2, 2025, Defendants' power shut off again and Named Plaintiff Shields was required by fire marshals to evacuate the building. The status of her employment remains unknown as of the filing of this Complaint.

53.     The March 21, 2025 Closing caused "employment loss" for more than 100 WARN Act Putative Plaintiffs who worked in the Defendants' emergency room, lab, and x-ray services departments.

54.     Defendants failed to provide more than 100 WARN Act Putative Plaintiffs subject to the March 21, 2025 Closing, who were the affected employees, with 60-days' written notice of the "plant closing."

55.     The Defendants provided no notice of the "plant closing" to the affected employees, and most found out from fellow employees on social media.

56.     Indeed, upon information and belief, the WARN Act Plaintiffs and the WARN Act Putative Plaintiffs learned of the Defendants' closure on the day it occurred, either through an email from Defendant Johnson or HR Coordinator Rick Oliver, or via news articles on social media websites.

57.     Upon information and belief, the March 14, 2025 Closing "mass layoff" and the March 21, 2025 Closing "plant closing" were not the result of unforeseeable circumstances.

58. Upon information and belief, the March 14, 2025 Mass Layoff ("Mass Layoff") and the March 21, 2025 Plant Closing "Plant Closing" were not a result of natural disaster.

59. Upon information and belief, Defendants did not vote to liquidate the corporate entity or file for bankruptcy protection prior to the Mass Layoff or the Plant Closing.

60. Upon information and belief, Defendants cannot demonstrate that they were actively seeking capital or financing, and that giving WARN Act notice would have prevented them from obtaining it.

61. Defendants had no good faith basis to claim that a shortened notice was not practicable.

62. Defendants did not serve notice of the Mass Layoff, or the Plant Closing on the Ohio dislocated worker unit and the Ohio Department of Job and Family Services ("ODJFS") as required by the WARN Act; attached are the 2024 and 2025 ODJFS WARN Act notifications that show no listing for any of the Defendants as of April 4, 2025. *See* ECF No. 1-4, PAGEID# 30-31.

63. Defendants were required by Ohio Rev. Code § 4141.28(D) to furnish the director of the ODJFS notice of the of the Mass Layoff or the Plant Closing within three (3) working days of the events, which it failed to do.

64. Defendants willfully violated the WARN Act by terminating the WARN Act Plaintiffs and the WARN Act Putative Plaintiffs without 60-days' notice causing them "employment loss."

### B. FACTS PERTAINING TO DEFENDANTS' MINIMUM WAGE AND OVERTIME VIOLATIONS

65. The FLSA Minimum Wage Plaintiffs and the FLSA Minimum Wage Putative Plaintiffs were employed by Defendants in various roles at the hospital, including but not limited to medical staff, administrative personnel, and support staff.

66.     During all times material to this Complaint, Defendants were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or has had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

67.     Plaintiff Shields and Plaintiff Bleininger, as physician assistants, are still currently working at the hospital on an as-needed basis in order to prescribe necessary medications and transfer patient personnel records.

68.     Prior to its March 21, 2025 Closing, FLSA Minimum Wage Plaintiffs and the FLSA Minimum Wage Putative Plaintiffs did not receive several paychecks owed to them and, as a result, were not paid at least the federal or the 2025 Ohio minimum wage for all hours worked or 1.5 times the minimum wage for all hours worked over 40 in a work week.

69.     The FLSA Named Plaintiffs and the FLSA Minimum Wage Putative Plaintiffs worked from February 16, 2025 until March 1, 2025 with the expectation that they would receive their paycheck on March 7, 2025. They did not receive their paycheck on the March 7, 2025 regular payday.

70.     Defendants did not pay the FLSA Named Plaintiffs and the FLSA Minimum Wage Putative Plaintiffs for working from February 16, 2025 until March 1, 2025 until approximately March 25, 2025.

71.     The FLSA Named Plaintiffs and the FLSA Minimum Wage Putative Plaintiffs worked from March 2, 2025 until their last date of work with the expectation that they would receive their paycheck on the regular paydays on March 21, 2025 and/or April 4, 2025. As of the date of the filing of this Complaint, Defendants have failed to pay the FLSA Named Plaintiffs and the FLSA Minimum

Wage Putative Plaintiffs at least the federal or the 2025 Ohio minimum wage for all hours worked or 1.5 times the minimum wage for all hours worked over forty (40) in a work week for any workweek since March 2, 2025.

72.     Further, Plaintiff Myers had elected to contribute 100% of her biweekly paycheck to her 401(k) plan. Despite this, Defendants have failed to remit any of her earnings to her 401(k) account since her paycheck dated February 7, 2025.

73.     Indeed, Plaintiff Myers did not receive any wages for the pay periods corresponding to February 21, 2025, March 7, 2025, and March 21, 2025.

74.     As of the date of the filing of this Complaint, Defendants have failed to pay Plaintiff Myers at least the federal or the 2025 Ohio minimum wage for all hours worked or 1.5 times the minimum wage for all hours worked over forty (40) in a workweek since February 7, 2025, and those wages have gone unpaid for more than thirty (30) days.

75.     By failing to pay FLSA Named Plaintiffs and the FLSA Minimum Wage Putative Plaintiffs at least the federal or the 2025 Ohio minimum wage for all hours worked or 1.5 times the minimum wage for all hours worked over 40 in a work week for any workweek since March 2, 2025, Defendants have unfairly benefited from the work of these employees and willfully violated the FLSA and Ohio Wage Laws.

## C. **FACTS PERTAINING TO THE LUNCH CLAIMS**

76.     To provide their services, Defendants employed numerous non-exempt hourly employees with patient care responsibilities—including FLSA Lunch Claim Plaintiffs and the FLSA Lunch Claim Putative Plaintiffs.

77.     FLSA Lunch Claim Plaintiffs and the FLSA Lunch Claim Putative Plaintiffs were employed by Defendants as non-exempt hourly employees who were not paid for all hours worked, including hours worked in excess of forty (40) hours each workweek.

78.     FLSA Lunch Claim Plaintiffs and the FLSA Lunch Claim Putative Plaintiffs were responsible for the care and well-being of Defendants' patients.

79.     While exact job titles may differ, these hourly employees were subjected to the same or similar illegal pay practices for similar work. Importantly, none of the FLSA exemptions relieving covered employers (such as Defendants) of the statutory duty to pay their employees overtime at one and one-half times the regular rate of pay apply to FLSA Lunch Claim Plaintiffs and the FLSA Lunch Claim Putative Plaintiffs.

80.     FLSA Lunch Claim Plaintiffs and the FLSA Lunch Claim Putative Plaintiffs are similarly situated because they typically worked schedules that required them to work more than forty (40) hours in a workweek..

81.     FLSA Lunch Claim Plaintiffs and the FLSA Lunch Claim Putative Plaintiffs are similarly situated because the Defendants did not pay them for their auto-deducted 30- or 60-minutes lunches that were regularly interrupted by work.

82.     FLSA Lunch Claim Plaintiffs and the FLSA Lunch Claim Putative Plaintiffs are similarly situated because the Defendants suffered or permitted them to work "off-the-clock" before and after the start of their shifts.

83.     FLSA Lunch Claim Plaintiffs and the FLSA Lunch Claim Putative Plaintiffs are similarly situated with respect to their job duties, their pay structure, and the policies (and practices) of Defendants resulting in the complained of FLSA and Ohio Wage Law violations.

84.     FLSA Lunch Claim Plaintiffs and the FLSA Lunch Claim Putative Plaintiffs are similarly situated with respect to their job duties—that is, they all work toward a collective goal of supporting hospital operations and patient care at Defendants' facility.

85.     FLSA Lunch Claim Plaintiffs and the FLSA Lunch Claim Putative Plaintiffs are similarly situated with respect to their pay structure in that they are all paid on an hourly basis and Defendants automatically deduct thirty (30) minutes for a meal period each workday.

86.     FLSA Lunch Claim Plaintiffs and the FLSA Lunch Claim Putative Plaintiffs are similarly situated with respect to Defendants' policies (and practices) resulting in the complained of FLSA and Ohio Wage Law violations.

87.     Defendants have a policy wherein they automatically deduct one 30-minute meal period from FLSA Lunch Claim Plaintiffs and the FLSA Lunch Claim Putative Plaintiffs' daily time.

88.     Defendants' automatic thirty (30) minute meal period deduction resulted in FLSA Lunch Claim Plaintiffs and the FLSA Lunch Claim Putative Plaintiffs working straight time hours and overtime hours for which they were (and are) not compensated at the rates required by the FLSA and Ohio Wage Laws.

89.     Defendants were aware that FLSA Lunch Claim Plaintiffs and the FLSA Lunch Claim Putative Plaintiffs regularly worked through their meal periods without pay in violation of the FLSA and the Ohio Wage Laws.

90.     Defendants knew FLSA Lunch Claim Plaintiffs and the FLSA Lunch Claim Putative Plaintiffs did not take breaks because they informed their supervisors that they regularly did not take a meal break.

91.     As a result of Defendants' failure to compensate FLSA Lunch Claim Plaintiffs and the FLSA Lunch Claim Putative Plaintiffs for compensable work performed "off the clock," such as during their unpaid meal break, they worked straight time hours and overtime hours for which they were not compensated at the rates required by the FLSA and applicable Ohio Wage Laws.

92.     By failing to pay the FLSA Lunch Claim Plaintiffs and the FLSA Lunch Claim Putative Plaintiffs correctly for all hours worked, Defendants have unfairly benefited from the work of these employees and willfully violated the FLSA and Ohio Wage Laws.

### D.  FACTS PERTAINING TO DEFEDANTS' ERISA VIOLATIONS

93.     During all relevant times, Defendants offered and encouraged the ERISA Plaintiffs and ERISA Putative Plaintiffs to participate in the East Ohio Regional Hospital Health Insurance Plan ("Health Plan"). *See Employee Benefits Open Enrollment Packet* attached as **Exhibit A.**

94.     During all times relevant, under Defendants' Health Plan, the ERISA Plaintiffs and ERISA Putative Plaintiffs were required to have weekly deductions ranging from $68.25 to $418.95 from their paychecks—depending on their selected coverage option—to contribute toward the Health Plan premium. *See* **Exhibit A.**

95.     The Health Plan included coverage for hospitalization and medical visits, prescription drugs, dental coverage, and vision.

96.     During all times relevant, and upon information and belief, Defendants failed to contribute payments to the Health Plan beginning in February 2024, despite continuing to deduct premium payments from the paychecks of the ERISA Plaintiffs and ERISA Putative Plaintiffs.

97.     Upon information and belief, Defendants were given a one (1) year grace period to cure the delinquency and avoid termination of the Health Plan. However, Defendants continued to fail to make payments to the plan during this time.

98.     As a direct result of Defendants' ongoing failure to make the necessary contributions, coverage under the Health Plan was terminated effective February 17, 2025. *See Email from Director of Human Resources* attached as **Exhibit B.**

99. During all times relevant, despite ongoing deductions from Named Plaintiff Harding's paycheck for Health Plan premiums, Defendants failed to remit those funds to the Health Plan. As a result of this failure, Plaintiff Harding incurred approximately $1,800 in medical expenses that were denied coverage.

100. Further, Named Plaintiff Bleininger was forced to pay approximately $7,000 out of pocket for a PET scan performed at West Virginia University Wheeling Hospital—a cost that would have been covered by the Health Plan had the necessary contributions been made by Defendants.

101. Indeed, Defendants failed to remit any of the required contributions and deductions on behalf of Named Plaintiffs and the Putative Plaintiffs to the Health Plan despite having deducted between $68.25 and $418.95 per paycheck from the ERISA Plaintiffs and ERISA Putative Plaintiffs as contribution to the premium.

102. Additionally, the ERISA Plaintiffs and ERISA Putative Plaintiffs were given the option to invest in a 401(k) plan, with a percentage of their biweekly paychecks deducted to contribute to the plan. ("401(k) Plan")

103. Upon information and belief, starting on approximately February 1, 2025, despite continuing to deduct contributions from the ERISA Plaintiffs' and ERISA Putative Plaintiffs' paychecks, Defendants failed to remit the payments to the 401(k) Plan.

104. Defendants are the Health Plan and 401(k) Plan Administrators and, in turn, fiduciaries of the Health Plan and 401(k) Plan.

105. Defendants are obligated to remit employee deductions to the Health Plan and 401(k) Plan on behalf of participants of the Plans, including the ERISA Plaintiffs and ERISA Putative Plaintiffs.

106. Defendants exercised dominance and control over the ERISA Plaintiffs' and ERISA Putative Plaintiffs' employee deductions, failing and refusing to remit the funds to the Health Plan and 401(k) Plan.

107. Upon information and belief, from approximately February 2024 to February 17, 2025, Defendants failed to remit any of the required contributions and deductions on behalf of the ERISA Plaintiffs and ERISA Putative Plaintiffs to the Health Plan.

108. Upon information and belief, beginning on approximately February 1, 2025, Defendants failed to remit any of the required contributions and deductions on behalf of the ERISA Plaintiffs and ERISA Putative Plaintiffs to the 401(k) Plan.

109. Defendants have not taken any action whatsoever to collect the delinquent contributions and deductions, which are Health Plan assets due and owing to the Health Plan.

110. To date, Defendants have not remitted the required contributions and deductions to the Health Plan and 401(k) Plan.

111. With respect to the ERISA Plaintiffs and ERISA Putative Plaintiffs, the Health Plan and 401(k) Plan are owed an amount yet to be determined in delinquent contributions and deductions.

## V.     CLASS ACTION ALLEGATIONS

### a.  <u>WARN Act Claims</u>

112. The WARN Act Plaintiffs bring Count I, VII, VIII, and IX as a class action pursuant to Fed. R. Civ. P. 23 on behalf of themselves and two subclasses.

113. The WARN Act Mass Lay Off Subclass consists of:

> All employees who worked at East Ohio Regional Hospital who were terminated and/or whose hours were reduced by more than 50% percent, on/or within 60 days of March 14, 2025 Mass Layoff, without receiving 60 days' notice.

114.    The WARN Act Plant Closing Subclass consists of:

> All employees who worked at East Ohio Regional Hospital who were terminated and/or whose hours were reduced by more than 50% percent, on/or within 60 days of March 21, 2025 Plant Closing, without receiving 60 days' notice.

115.    The WARN Act Plaintiffs reserve the right to amend and refine the definition of the subclasses they seek to represent based upon further investigation and discovery.

116.    Plaintiff Harding, Plaintiff Wise, and Plaintiff Myers are members of the WARN Act Mass Lay Off Subclass they seek to represent.

117.    Plaintiff Shields and  Plaintiff Belininger are members of the WARN Act Plant Closing Subclass they seek to represent.

118.    The WARN Act Mass Lay Off Subclass and the WARN Act Plant Closing Subclass will be collectively referred to as the WARN Act Classes. The only difference between the two (2) subclasses is the date they occurred.

119.    The WARN Act Plaintiffs and the WARN Act Classes share the same pivotal questions of law and fact, satisfying Fed. R. Civ. P. 23(a)(2). As a result, the WARN Act Classes shares several factual and legal questions; including:

b.   Were the Defendants a single enterprise;

c.   Were the Defendants an "employer" under 29 U.S.C. § 2101(a)(1);

d.   Were the Named Plaintiffs and the WARN Act Classes are "affected" employees under 29 U.S.C. § 2101(a)(5),

e.   Did Defendants order a "mass layoff" under 29 U.S.C. § 2101(a)(3);

f.   Did Defendants order a "plant closing" under 29 U.S.C. § 2101(a)(2);

g.   Did Defendants fail to provide the WARN Act Plaintiffs and the WARN Act Classes with 60-days' written  notice, as required by the WARN Act. 29 U.S.C. § 2102 (a)(1).

18

120.    The WARN Act Plaintiffs' claims are typical of the claims of the WARN Act Classes because they stem from a unified decision-making process satisfying Fed. R. Civ. P. 23(a)(3). Thus, in advancing their own claims, the WARN Act Plaintiffs will also be advancing the claims of the WARN Act Classes.

121.    The WARN Act Plaintiffs will fairly and adequately represent and protect the interests of the WARN Act Classes satisfying Fed. R. Civ. P. 23(a)(4). The WARN Act Plaintiffs' interests are shared with the WARN Classes and they have no interests that conflict with those of the WARN Act Classes.

122.    The WARN Act Plaintiffs retained competent counsel experienced in representing classes of employees against their employers related to their employer's failure to comply with federal and state regulations and common law.

123.    Defendants have created a scenario where questions of law and fact common to the WARN Act Classes predominate over any questions affecting only individual members. Thus, a class action is superior to other available methods for the fair and efficient adjudication of this matter. The WARN Act Plaintiffs are entitled to pursue their claims as a class action, pursuant to Fed. R. Civ. P. 23(b)(3).

### b.  **The ERISA Claims**

124.    The ERISA Plaintiffs bring Count V and VI as a class action pursuant to Fed. R. Civ. P. 23 on behalf of themselves and a class described as:

> All employees who participated in Defendants' East Ohio Regional Hospital Health Insurance Plan and/or Defendants' East Ohio Regional Hospital 401(k) Plan since January 1, 2024. (the ERISA Class")

125.    The ERISA Plaintiffs reserve the right to amend and refine the definition of the subclasses they seek to represent based upon further investigation and discovery.

126.    Plaintiff Shields, Plaintiff Bleininger, Plaintiff Harding, and Plaintiff Myers  are members of the ERISA Class they seek to represent.

127.    The ERISA Plaintiffs and the WARN Act Class share the same pivotal questions of law and fact, satisfying Fed. R. Civ. P. 23(a)(2). As a result, they share several factual and legal questions; including:

    a.  Were the Defendants a single enterprise;

    b.  Was Defendants' East Ohio Regional Hospital Health Insurance Plan and/or Defendants' East Ohio Regional Hospital 401(k) Plan covered by ERISA;

    c.  Were the Named Plaintiffs and the WARN Act Classes are "affected" employees under 29 U.S.C. § 2101(a)(5),

    d.  Did Defendants order a "mass layoff" under 29 U.S.C. § 2101(a)(3);

    e.  Did Defendants order a "plant closing" under 29 U.S.C. § 2101(a)(2);

    f.  Did Defendants fail to provide the WARN Act Plaintiffs and the WARN Act Classes with 60-days' written  notice, as required by the WARN Act. 29 U.S.C. § 2102 (a)(1).

128.    The ERISA Plaintiffs' claims are typical of the claims of the ERISA Class because they stem from a unified decision-making process satisfying Fed. R. Civ. P. 23(a)(3). Thus, in advancing their own claims, the ERISA Plaintiffs will also be advancing the claims of the ERISA Class.

129.    The ERISA Plaintiffs will fairly and adequately represent and protect the interests of the ERISA Class satisfying Fed. R. Civ. P. 23(a)(4). The ERISA Plaintiffs' interests are shared with the ERISA Class, and they have no interests that conflict with those of the ERISA Class.

130.    The ERISA Plaintiffs retained competent counsel experienced in representing classes of employees against their employers related to their employer's failure to comply with federal and state regulations and common law.

131.    Defendants have created a scenario where questions of law and fact common to the ERISA Class predominate over any questions affecting only individual members. Thus, a class action is superior to other available methods for the fair and efficient adjudication of this matter. The ERISA Plaintiffs are entitled to pursue their claims as a class action, pursuant to Fed. R. Civ. P. 23(b)(3).

## VI.    COURT SUPERVISED NOTICE

132.    The FLSA Minimum Wage Plaintiffs and the FLSA Lunch Claim Plaintiffs will be collectively referred to as the FLSA Named Plaintiffs.

133.    The FLSA Named Plaintiffs bring Counts II and III pursuant to 29 U.S.C. § 216(b) and Counts IV and VIII pursuant to Ohio Rev. Code §4111.14(k).

134.    The FLSA Named Plaintiffs request that the Court issue Court Supervised Notice to the following group of current and former employees defined as:

> **All employees who worked for Defendants since January 13, 2025 till present who have not been paid for all hours worked within Defendants' regularly scheduled pay period. ("FLSA Minimum Wage Putative Plaintiffs")**

135.    Within the FLSA Minimum Wage Putative Plaintiffs is a subclass of hourly employees who were responsible for the care and well-being of Defendants' patients and provided "patient care."

136.    Further, this subclass of hourly employees who received a 30-minute unpaid lunch break that was automatically deducted from their hours worked in a day, who performed patient care during their unpaid lunch.

137.    FLSA Lunch Claim Plaintiff Wise seeks to represent the following group of former employees who join this lawsuit defined as:

> **All former hourly employees with patient care responsibilities who worked for Defendants since January 13, 2025 who were subject to Defendants' auto deducted lunch time policy. ("FLSA Lunch Claim Putative Plaintiffs")**

138.    The FLSA Minimum Wage Putative Plaintiffs and the FLSA Lunch Claim Putative Plaintiffs will be collectively referred to as the Employees Entitled to Notice.

139.    FLSA Named Plaintiffs reserve the right to amend and refine the definition of the Employees Entitled to Notice, respectively, they seek to have the Court serve notice based upon further investigation and discovery.

140.    The precise size and identity of the proposed Employees Entitled to Notice should be ascertainable from the business records, tax records, and/or employee and personnel records of Defendants.

141.    Court Supervised Notice pursuant to 29 U.S.C. § 216(b) and Ohio Revised Code § 4111.14 (k) to the Employees Entitled to Notice is appropriate because there exists at least a strong likelihood that they are similarly situated to the FLSA Named Plaintiffs.

142.    Sending Court Supervised Notice to the FLSA Minimum Wage Putative Plaintiffs is appropriate because they have been subjected to single companywide policies and common business practices referenced in the paragraphs above, and the success of their claims depends upon the resolution of common issues of law and fact, including *inter alia*, whether Defendants failed to pay them at least federal and Ohio minimum wage and/or overtime wage for all hours they worked at the next regularly scheduled payday.

143.    Sending Court Supervised Notice to the FLSA Minimum Wage Putative Plaintiffs will include the FLSA Lunch Claim Putative Plaintiffs because the unpaid work during the auto deducted unpaid lunch is an additional claim of unpaid wages and is a subset of the FLSA Minimum Wage Putative Plaintiffs' definition.

144.    The FLSA Named Plaintiffs and the Employees Entitled to Notice, having willfully been not paid their entitled compensation for work they performed pursuant to the common policies

described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b), Ohio Constitution, and Ohio Revised Code § 4111.14 (k), and the associated decisional law.

145. The FLSA Named Plaintiffs and the Employees Entitled to Notice have been similarly affected by the violations of Defendants in workweeks during the relevant time period, which amount to a single decision, policy, or plan to willfully avoid paying all earned FLSA, Ohio Constitution and Ohio Wage Law compliant wages.

146. The FLSA Named Plaintiffs seek to have the Court send supervised notice to the proposed group of similarly situated current and former employees, i.e., Employees Entitled to Notice.

147. The FLSA Named Plaintiffs are similarly situated to the Employees Entitled to Notice and will prosecute this action vigorously on their behalf.

148. The names and addresses of the Employees Entitled to Notice are available from Defendants' records. For the purpose of notice and other purposes related to this action, their names, addresses, email addresses, and phone numbers are readily available from Defendants. Notice can be provided by means permissible under the FLSA, Ohio Constitution and Ohio Wage Laws.

149. The FLSA Named Plaintiffs and the Employees Entitled to Notice have been damaged by Defendants' willful misclassification and refusal to pay the appropriate wages for all hours worked.

150. As a result of Defendants' FLSA violations, the FLSA Named Plaintiffs and the Employees Entitled to Notice are entitled to damages, including, but not limited to, unpaid wages, liquidated damages, costs, and attorneys' fees.

## VII.    CAUSES OF ACTION

### COUNT I
### VIOLATIONS OF THE WARN ACT UNDER 29 U.S.C. § 2101 et seq.

151.    Named Plaintiffs re-allege, and incorporate by reference, the allegations set forth in paragraphs 1 through 150.

152.    Named Plaintiffs and the WARN Act Classes are "affected employees" under 29 U.S.C. § 2101(a)(5).

153.    Defendants are "employers" under 29 U.S.C. § 2101(a)(1), since they employed more than 100 employees who, in the aggregate, worked at least 4,000 hours per week, exclusive of overtime.

154.    Defendants' March 14, 2025 Closing was a "mass layoff" under 29 U.S.C. § 2101(a)(3), that caused "employment loss" to Named Plaintiff Harding and the WARN Act Mass Lay Off Subclass under 29 U.S.C. § 2101(a)(6).

155.    Defendants' March 21, 2025 Closing was a "plant closing" under 29 U.S.C. § 2101(a)(2), that caused "employment loss" to Named Plaintiffs Shields, Named Plaintiff Bleininger, and the WARN Act Plant Closing Off Subclass under 29 U.S.C. § 2101(a)(6).

156.    Defendants failed to provide Named Plaintiffs and the WARN Act Classes with 60-days' written notice, as required by the WARN Act. 29 U.S.C. § 2102 (a)(1).

157.    Defendants failed to provide the Ohio Department of Job and Family Services notice of the mass layoff and the plant closing within the time required by Ohio rev. code § 4141.28(D). 29 U.S.C. § 2102 (a)(2).

158.     As such, Named Plaintiffs and the WARN Act Classes are entitled to back pay, benefits, attorneys' fees and costs, and other equitable relief. *See* 29 U.S.C. § 2104(a)(6).

## COUNT II

**VIOLATION OF THE MINIMUM WAGE REQUIREMENTS OF THE FLSA**

159.     The FLSA Named Plaintiffs re-allege, and incorporate by reference, the allegations set forth in paragraphs 1 through 150.

160.     The FLSA Named Plaintiffs assert this claim on behalf of themselves and the FLSA Minimum Wage Putative Plaintiffs who opt into this action by filing a consent form, pursuant to 29 U.S.C. § 216(b).

161.     The FLSA Named Plaintiffs and the FLSA Minimum Wage Putative Plaintiffs are employees entitled to the FLSA's protections as they were employees within the meaning of 29 U.S.C. § 203(e)(1) and the Defendants were employers within the meaning of 29 U.S.C. § 203 (d).

162.     Here, through the companywide practice of refusing to pay the FLSA Named Plaintiffs and the FLSA Minimum Wage Putative Plaintiffs who join this lawsuit their wages for work performed, Defendants have not satisfied their federal minimum wage obligations.

163.     The FLSA entitles employees to a minimum hourly wage of $7.25 for every hour worked. 29 U.S.C. § 206(a).

164.     The FLSA entitles employees to an overtime rate "not less than one and one-half times" their regular rate of pay for hours worked over 40 hours in a workweek. 29 U.S.C § 207.

165.     The minimum overtime hourly wage is $10.88 per hour (i.e., one and one-half times $7.25 per hour). 29 U.S.C §§ 206(a), 207.

166.     As such, Defendants have violated the FLSA by failing to pay the FLSA Named Plaintiffs and the FLSA Minimum Wage Putative Plaintiffs who join this lawsuit for all time worked at $7.25 per hour (and $10.88 per hour for hours over 40 in a workweek).

167.     The FLSA Named Plaintiffs and the FLSA Minimum Wage Putative Plaintiffs who join this lawsuit are entitled to recover all unpaid minimum and overtime wages, an equal amount of liquidated damages, and attorneys' fees and expenses, pursuant to 29 U.S.C. § 216(b).

168.     In violating the FLSA, Defendants have jointly acted willfully and with reckless disregard of clearly applicable FLSA provisions.

**COUNT III**
**VIOLATION OF THE FLSA OVERTIME PROVISIONS**

169.     The FLSA Lunch Claim Plaintiffs re-allege, and incorporate by reference, the allegations set forth in paragraphs 1 through 150.

170.     The FLSA Lunch Claim Plaintiffs assert this claim on behalf of themselves and the FLSA Lunch Claim Putative Plaintiff Subclass who opt into this action by filing a consent form, pursuant to 29 U.S.C. § 216(b).

171.     The FLSA requires the Defendants to pay employees to a minimum hourly wage of $7.25 for every hour worked and to an overtime rate "not less than one and one-half times" their regular rate of pay for hours worked over 40 hours in a workweek. 29 U.S.C §§ 206(a) and 207.

172.     Defendants knew the FLSA Lunch Claim Plaintiffs and the FLSA Lunch Claim Putative Plaintiff Subclass were performing work (i.e., Patient Care) during their unpaid lunch that was auto deducted from their daily hours worked.

173.     Defendants willfully and with reckless disregard for the FLSA's requirements failed to pay the FLSA Lunch Claim Plaintiffs and the FLSA Lunch Claim Putative Plaintiff Subclass for all hours they worked and an overtime rate "not less than one and one-half times" their regular rate of pay for hours worked over 40 hours in a workweek.

## COUNT IV
## VIOLATION OF THE OHIO WAGE LAWS

174.    The FLSA Named Plaintiffs re-allege, and incorporate by reference, the allegations set forth in paragraphs 1 through 150.

175.    The FLSA Named Plaintiffs bring their Ohio Wage Act, Ohio Constitution, Ohio Wage Act claims on behalf of themselves, and the FLSA Minimum Wage Putative Plaintiffs FLSA Lunch Claim Putative Plaintiff Subclass who join this lawsuit pursuant to Ohio Rev. Code § 4111.14(k).

176.    The FLSA Named Plaintiffs, the FLSA Minimum Wage Putative Plaintiffs, and FLSA Lunch Claim Putative Plaintiff Subclass who join this lawsuit are employees within the meaning of O.R.C. §§ 4111 *et seq.* and the Oh. Const. Art. II, § 34a protected by the mandates of the Ohio Constitution.

177.    Defendants are joint employers within the meaning of O.R.C. § 4111 *et seq.* and Oh. Const. Art. II, § 34a and therefore required to comply with the mandates of the Ohio Constitution.

178.    Article II, Section 34a of the Ohio Constitution and O.R.C. § 4111.02 entitles employees to a minimum hourly wage in 2025 of $10.70 per hour and $16.05 per hour in overtime.

179.    In violation of Article II, Section 34(a) of the Ohio Constitution Defendants failed to pay the FLSA Named Plaintiffs and the FLSA Minimum Wage Putative Plaintiffs who joined this lawsuit wages and thus did not pay them the required Ohio statutory minimum wages for any hour they worked.

180.    Thus, Defendants have violated O.R.C. § 4111.14(B) and Oh. Const. Art. II, § 34a by paying FLSA Named Plaintiffs and the FLSA Minimum Wage Putative Plaintiffs who join this lawsuit by willfully failing to pay any hourly wage for all hours worked.

181.    Defendants knew the FLSA Lunch Claim Plaintiffs and the FLSA Lunch Claim Putative Plaintiff Subclass were performing work (i.e., Patient Care) during their unpaid lunch that was auto deducted from their daily hours worked.

182.     Defendants willfully and with reckless disregard for the Ohio Wage Act's requirements violated Ohio Rev. Code §§ 4111.03 and 4111.10 by not paying the FLSA Lunch Claim Plaintiffs and the FLSA Lunch Claim Putative Plaintiff Subclass for all hours they worked and an overtime rate not less than one and one-half times" their regular rate of pay for hours worked over 40 hours in a workweek.

183.     In violating the Ohio Wage Act, Defendants' joint acts and omissions have been of a willful, intentional, and bad faith nature or otherwise in reckless disregard of the Ohio Wage Act.

184.     FLSA Named Plaintiffs, the FLSA Minimum Wage Putative Plaintiffs, and FLSA Lunch Claim Putative Plaintiff Subclass are entitled to unpaid minimum wages and two times those wages as additional statutory damages, interest, and attorneys' fees and expenses, and all other remedies available.

## COUNT V

## VIOLATIONS OF 29 U.S.C. § 1132(a)(1)B) & (3)

185.     The ERISA Plaintiffs re-allege, and incorporate by reference, the allegations set forth in paragraphs 1 through 150.

186.     The ERISA Plaintiffs assert this claim on behalf of themselves and the ERISA Class.

187.     The ERISA Plaintiffs assert this claim on behalf of themselves and the ERISA Class.

188.     Defendants' failure and refusal to remit contributions and deductions under the Health Plan constitutes a violation of the trust agreement as well as 29 C.F.R. § 250.3—102.

189.     Defendants' violations of 29 C.F.R. § 2510.3—102 has damaged the ERISA Plaintiffs and the ERISA Class in an amount to be determined at trial.

190.     Because Defendants have violated ERISA, and the Code of Federal Regulations, the ERISA Plaintiffs and the ERISA Putative Plaintiffs therefore seek and is entitled to recover all unpaid contributions and deductions; interest; penalties; and the costs, expenses and fees involved in bringing this action, including attorney fees pursuant to 29 U.S.C. §1132(g). Further, the ERISA Plaintiffs and the

ERISA Class seek any statutory injunction, make-whole remedy, or other equitable relief available under 29 U.S.C. §1132(a)(3).

## COUNT VI
## VIOLATIONS OF 29 U.S.C. § 1132(a)(2)

191.    The ERISA Plaintiffs re-allege, and incorporate by reference, the allegations set forth in paragraphs 1 through 150.

192.    The ERISA Plaintiffs assert this claim on behalf of themselves and the ERISA Class.

193.    Defendants are a fiduciary with respect to the Health Plan.

194.    Defendants breached their fiduciary duty by improperly managing and administering the Health Plan and the 401(k) Plan and its assets.

195.    Defendants breached their fiduciary duty by failing to remit money that was deducted from the ERISA Plaintiffs' and the ERISA Putative Plaintiffs' wages to the Health  Plan and 401(k) Plan and instead diverting the assets to its own personal and other business uses.

196.    Defendants breached their fiduciary duty by failing to ensure collection of Health Plan and 401(k) Plan assets, namely delinquent contribution, and deductions.

197.    Defendants breached their fiduciary duty by permitting or causing the Health  Plan to engage prohibited transactions.

198.    Defendants breached their fiduciary duty by unlawful self-dealing.

199.    The ERISA Plaintiffs and the ERISA Class therefore seek pursuant to 29 U.S.C. § 1109(a) an Order: (a) stating that the Defendants breached its fiduciary duty and shall be personally liable to make good to the Health Plan and 401(k) Plan any losses to the HealthPlan and 401(k) Plan resulting from each such breach, (b) restoring to such Health  Plan and 401(k) Plan any profits of Defendants which have been made through use of assets of the Health e Plan and 401(k) Plan, and

(c) stating that the Defendants breached its shall be subject to such other equitable or remedial relief as the Court may deem appropriate, including removal of such fiduciary.

## COUNT VII
## VIOLATION OF THE OHIO PROMPT PAY ACT

200.    The WARN Act Plaintiffs re-allege, and incorporate by reference, the allegations set forth in paragraphs 1 through 150.

201.    The WARN Act Plaintiffs assert this claim on behalf of themselves and the WARN Act Classes.

202.    The OPPA provides that employers shall pay covered employees all wages, on or before the first day of each month for wages earned during the first half of the preceding month ending with the fifteenth day thereof, and, on or before the fifteenth day of each month, for wages earned during the preceding calendar month. *See* O.R.C. § 4113.15(A).

203.    At all times relevant to this Complaint, Defendants have refused to pay the WARN Act Plaintiffs and the WARN Act Classes all wages at the statutorily mandated minimum wage rate, within thirty (30) days beyond their regular scheduled payday.

204.    Defendants' violations of the OPPA have been of a willful, intentional, or bad faith nature or Defendants have otherwise exhibited a reckless disregard of the OPPA's provisions.

205.    The WARN Act Plaintiffs and the WARN Act Classes are entitled to an additional six percent (6%) of the unpaid minimum wages as additional liquidated damages, and all other remedies available.

## COUNT VIII
## CIVIL PENALITIES FOR CRIMINAL ACTS
## O.R.C. § 2307.60

206.    Named Plaintiffs re-allege, and incorporate by reference, the allegations set forth in paragraphs 1 through 150.

207. Named Plaintiffs assert this claim on behalf of themselves, the WARN Act Classes, the ERISA Class, the FLSA Minimum Wage Putative Plaintiffs who join this lawsuit, and the FLSA Lunch Claim Putative Plaintiff Subclass who join this lawsuit, respectively.

208. Ohio Rev. Code § 4141.40 provides a fine of twenty-five dollars ($25.00) to no more than one thousand dollars ($1,000.00) for every "employer, … or other person" violates this chapter.

209. The Fair Labor Standards Act, 29 U.S.C. § 216(a), imposes criminal penalties for willful violations of the FLSA.

210. By their acts and omissions described herein, Defendants have willfully violated the FLSA and Ohio Rev. Code § 4141.28(D) causing Named Plaintiffs, the WARN Act Classes, the ERISA Putative Plaintiffs, the FLSA Minimum Wage Putative Plaintiffs who join this lawsuit, and the FLSA Lunch Claim Putative Plaintiff Subclass who join this lawsuit, respectively injury.

211. O.R.C. § 2307.60 permits anyone injured in one person or property by a criminal act to recover damages in a civil action, including exemplary and punitive damages.

212. As a result of Defendants' willful violations of the WARN Act, the ERISA, the FLSA and Ohio Rev. Code § 4141.28(D), the Named Plaintiffs, the WARN Act Classes, the ERISA Class, the FLSA Minimum Wage Putative Plaintiffs who join this lawsuit, and the FLSA Lunch Claim Putative Plaintiff Subclass who join this lawsuit, respectively are entitled to compensatory and punitive damages pursuant to O.R.C. § 2307.60.

## COUNT IX
## UNJUST ENRICHMENT

213. Named Plaintiffs re-allege, and incorporate by reference, the allegations set forth in paragraphs 1 through 150.

214.     Named Plaintiffs assert this claim on behalf of themselves and the WARN Act Classes, the ERISA Class, the FLSA Minimum Wage Putative Plaintiffs who join this lawsuit, and the FLSA Lunch Claim Putative Plaintiff Subclass who join this lawsuit, respectively.

215.     During all times relevant to this Complaint, Defendants have willfully violated the WARN Act, the FLSA, ERISA and the Ohio Wage Laws.

216.     As of the date of the filing of this Complaint, Named Plaintiffs assert this claim on behalf of themselves and the WARN Act Classes, the ERISA Class, the FLSA Minimum Wage Putative Plaintiffs who join this lawsuit, and the FLSA Lunch Claim Putative Plaintiff Subclass who join this lawsuit, respectively are owed compensation for their unpaid work performed for Defendants' benefit and the deductions Defendants failed to process according to their Plans.

217.     Resultingly, Named Plaintiffs assert this claim on behalf of themselves and the WARN Act Classes, the ERISA Class, the FLSA Minimum Wage Putative Plaintiffs who join this lawsuit, and the FLSA Lunch Claim Putative Plaintiff Subclass who join this lawsuit, respectively are still owed compensation that Defendant willfully and in violation of federal and Ohio statutes retained for their benefit.

218.     As a result, Defendants are unjustly enriched at Named Plaintiffs,' the WARN Act Classes,' the ERISA Class,' the FLSA Minimum Wage Putative Plaintiffs' who join this lawsuit, and the FLSA Lunch Claim Putative Plaintiff Subclass' who join this lawsuit, respectively expense in the during the relevant time periods.

219.     It is against equity and good conscience to permit Defendants to benefit from this wage theft.

220.     Thus, Defendants should compensate the Named Plaintiffs, the WARN Act Classes, the ERISA Class, the FLSA Minimum Wage Putative Plaintiffs who join this lawsuit, and the FLSA

Lunch Claim Putative Plaintiff Subclass who join this lawsuit, respectively for the unpaid compensation and deductions which benefited Defendants.

## **PRAYER FOR RELIEF**

WHEREFORE, Named Plaintiffs, on behalf of themselves, and the WARN Act Classes ERISA Putative Plaintiffs, the FLSA Minimum Wage Putative Plaintiffs who join this lawsuit, and the FLSA Lunch Claim Putative Plaintiff Subclass pray that this Court enter the following relief:

**A.** **WARN ACT**

1. An order permitting the WARN Act litigation to proceed as a class action pursuant to Fed. R. Civ. P. 23 pursuant to Fed. R. Civ. P. 23, to the WARN Act Classes.

2. An order certifying the WARN Act Classes as described herein and ordering prompt notice of this litigation.

3. An order appointing the undersigned as Class Counsel.

4. Find and declare that the Defendants violated the WARN Act.

5. Find and declare that Defendants violated Ohio Rev. Code § 4141.28(D).

6. Award Plaintiffs and the Class 60-days' back pay and benefits, in an amount to be determined at trial;

**B.** **FLSA and the Ohio Wage Laws**

1. For an Order sending Court Supervised Notice to the FLSA Minimum Wage Putative Plaintiffs pursuant to 29 U.S.C. § 216(b) and Ohio Rev. Code § 4111.14(k) as defined herein and requiring Defendants to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members.

2. Issuing proper notice to the FLSA Minimum Wage Putative Plaintiffs at Defendants' expense.

3. A finding that Defendants have willfully violated the FLSA and the Ohio Wage Laws.

4. An order awarding the FLSA Named Plaintiffs and the FLSA Minimum Wage Putative Plaintiffs who join this case back pay equal Ohio minimum wages for all hours worked and not paid from January 13, 2025 to the present, plus an additional two times that amount in liquidated damages.

5. An order awarding the FLSA Lunch Claim Plaintiffs and the FLSA Lunch Claim Putative who join this case back pay equal to their wages for all hours worked during their unpaid lunch and not paid, plus the appropriate additional liquidated damages

6. An order equitably tolling the statute of limitations as of the FLSA Named Plaintiffs and the FLSA Minimum Wage Putative Plaintiffs to conclude at the end of the Court Supervised Notice Period.

7. Designation of the FLSA Named Plaintiffs as representative of the FLSA Minimum Wage Putative Plaintiffs who join this lawsuit and counsel of record as their counsel.

## C. OPPA

1. Awarding WARN Act Plaintiffs, the FLSA Named Plaintiffs and the FLSA Minimum Wage Putative Plaintiffs who join this lawsuit the sum of 6% of the total unpaid wages or $200.00 for each instance of failure to pay wages owed within thirty days, whichever is greater, pursuant to the OPPA

## D. ERISA

1. ERISA Plaintiffs and the ERISA Putative Plaintiffs therefore seek and is entitled to recover all unpaid contributions and deductions; interest; penalties; and the costs, expenses and fees involved in bringing this action, including attorney fees pursuant to 29 U.S.C. §1132(g). Further, the ERISA Plaintiffs and the ERISA Class seek any statutory

injunction, make-whole remedy, or other equitable relief available under 29 U.S.C. §1132(a)(3)

2. The ERISA Plaintiffs and the ERISA Class therefore seek pursuant to 29 U.S.C. § 1109(a) an Order: (a) stating that the Defendants breached its fiduciary duty and shall be personally liable to make good to the Health Plan and 401(k) Plan any losses to the HealthPlan and 401(k) Plan resulting from each such breach, (b) restoring to such Health Plan and 401(k) Plan any profits of Defendants which have been made through use of assets of the Health e Plan and 401(k) Plan, and (c) stating that the Defendants breached its shall be subject to such other equitable or remedial relief as the Court may deem appropriate, including removal of such fiduciary.

### E.   OTHER RELIEF

1. A finding that Defendants have violated the Warn Act, ERISA, the FLSA and the Ohio Wage Laws, and that Defendants have been unjustly enriched thereby;

2. Compensatory and punitive damages under O.R.C. § 2307.60;

3. An award of costs and expenses of this action, together with reasonable attorneys' fees and expert fees;

4. An award of prejudgment and post-judgment interest; and

5. Award any other relief as this Court may deem just and proper.

Dated: April 14, 2025                          Respectfully submitted,

                                               BARKAN MEIZLISH DEROSE COX, LLP

                                               /s/ Robert E. DeRose
                                               Robert E. DeRose (OH Bar No. 0055214)
                                               Anna R. Caplan (OH Bar. No 0104562)
                                               4200 Regent Street, Suite 210
                                               Columbus, OH 43219
                                               Phone: (614) 221-4221
                                               Facsimile: (614) 744-2300
                                               Email: bderose@barkanmeizlish.com

acaplan@barkanmeizlish.com

/s/ Michelle L. Marinacci
Michelle L. Marinacci (Bar No.0087171)
Jeremy McGraw (Bar No.0083313)
**GOLD, KHOUREY, AND TURAK, L.C.**
510 Tomlinson Ave.
Moundsville, West Virginia 26041
T (304) 845-9750
F (304) 845-186
E:     mlm@gkt.com
        jmm@gkt.com

*Attorneys for Plaintiffs*


## JURY DEMAND

Plaintiff hereby demands a trial by jury on all claims so triable.

/s/ Robert E. DeRose
Robert E. DeRose

*Attorney for Plaintiffs*