IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| HEATHER SHIELDS, et al., | Case No. 2:25-cv-00353 |
| Plaintiffs, | JUDGE WATSON |
| v. | Magistrate Judge Deavers |
| EAST OHIO HOSPITAL LLC, et al., | |
| Answering Defendants. | |

**ANSWER OF CERTAIN ANSWERING DEFENDANTS
TO SECOND AMENDED COMPLAINT**

Answering Defendants John A. Johnson, Nithin Johnson, Access Ohio, LLC dba Access Ohio Primary, Access Ohio, LLC dba Access Residential, and Arcbridge Capital, LLC (collectively "Answering Defendants") hereby submit their Answer and Defenses to Plaintiffs' Second Amended Court Supervised Notice and Rule 23 Class Second Amended Complaint (the "Second Amended Complaint"), averring, admitting and denying as follows:

I. **INTRODUCTION**[1]

1.       Answering Defendants aver that Plaintiffs purport to bring this action against East Ohio Hospital LLC d/b/a East Ohio Regional Hospital (the "Hospital") and Answering Defendants.  Answering Defendants deny all remaining allegations contained in Paragraph 1 of the Second Amended Complaint. Answering Defendants specifically deny that the Hospital and they are a single enterprise or do business under the name of East Ohio Hospital LLC in Columbus Ohio.

---

[1] Answering Defendants use the headings and subheadings that appear in the Second Amended Complaint for ease of reference only. Answering Defendants do not admit their accuracy. Answering Defendants also deny that it is a single or joint employer, that there is any collective of similarly situated individuals as contemplated by the Fair Labor Standards Act, that any class certifiable under Rule 23 exists, and that any Plaintiff has consented to file suit against them.

2.  Paragraph 2 of the Second Amended Complaint states conclusions of law to which no responsive pleading is required, except it is specifically denied that Answering Defendants violated the WARN Act, that Answering Defendants and Access Ohio are covered employers under the WARN Act, and that the proposed Rule 23 class definition contained in Paragraphs 183-184 of the Second Amended Complaint is appropriate. To the extent that such a response is required, Answering Defendants aver that Plaintiffs purport to bring this Second Amended Complaint against the Hospital and Answering Defendants for claims under the WARN Act under Civil Rule 23, but all remaining allegations are denied.

3.  Paragraph 3 of the Second Amended Complaint states conclusions of law to which no responsive pleading is required.  To the extent that such a response is required, Answering Defendants aver that Plaintiffs purport to bring this Second Amended Complaint against the Hospital and Answering Defendants pursuant to Section 16(b) of the FLSA, but all remaining allegations are denied. Answering Defendants specifically deny that the proposed collective action definition contained in Paragraphs 134 and 137 of the Second Amended Complaint is appropriate.

4.  Paragraph 4 of the Second Amended Complaint states conclusions of law to which no responsive pleading is required. To the extent that such a response is required, Answering Defendants aver that Plaintiff Wise purports to bring this Second Amended Complaint against the Hospital and Answering Defendants pursuant to Section 16(b) of the FLSA, but all remaining allegations are denied. Answering Defendants specifically deny that the proposed collective action definition contained in Paragraphs 134 and 137 of the Second Amended Complaint is appropriate.

5.  Paragraph 5 of the Second Amended Complaint states conclusions of law to which no responsive pleading is required.  To the extent that such a response is required, Answering Defendants aver that Plaintiffs Shields, Bleininger, Harding and Myers purport to bring this

Second Amended Complaint against the Hospital and Answering Defendants for claims pursuant to §§ 1104 and 1132(a) of ERISA under Civil Rule 23, but all remaining allegations are denied. Answering Defendants specifically deny that the proposed Rule 23 class definition contained in Paragraph 124 of the Second Amended Complaint is appropriate.

6.     Paragraph 6 of the Second Amended Complaint states conclusions of law to which no responsive pleading is required.  To the extent that such a response is required, Answering Defendants aver that the ERISA Plaintiffs purport to bring this Second Amended Complaint against the Hospital and Answering Defendants for unjust enrichment claims under Civil Rule 23, but all remaining allegations are denied. Answering Defendants specifically deny that the proposed Rule 23 class definition contained in Paragraph 124 of the Second Amended Complaint is appropriate and that Answering Defendants retained any payroll deductions for their personal or business use.

7.     The allegations contained in Paragraph 7 are denied. By way of further response, there is no private right of action under the unemployment compensation statute, O.R.C. §4141.28, and neither Answering Defendants were not employers under that statute regarding any employees who were terminated in Martins Ferry.

8.     Paragraph 8 of the Second Amended Complaint states conclusions of law to which no responsive pleading is required.  To the extent that such a response is required, Answering Defendants aver that certain Plaintiffs purport to bring this Second Amended Complaint against the Hospital and Answering Defendants for claims pursuant to the listed Ohio statutes and provisions under §4111.14(k) and Civil Rule 23, but all remaining allegations are denied. Answering Defendants specifically deny that the proposed Rule 23 class definition contained in Paragraphs 183 and 187 of the Second Amended Complaint is appropriate and that the proposed

collective action definition contained in Paragraphs 183-184 of the Second Amended Complaint is appropriate.

9.      Answering Defendants deny the allegations contained in Paragraph 9 of the Second Amended Complaint and specifically deny that the proposed Rule 23 class definition contained in Paragraphs 183-184 and 189 of the Second Amended Complaint are appropriate and that the proposed collective action definition contained in Paragraphs 183 and 187 of the Second Amended Complaint are appropriate.

10.     Answering Defendants deny the allegations contained in Paragraph 10 of the Second Amended Complaint due to the definition of Putative Plaintiffs.

## II.    **JURISDICTION AND VENUE**

11.     Paragraph 10 of the Second Amended Complaint states conclusions of law to which no responsive pleading is required. Answering Defendants do not dispute that the FLSA, the WARN Act and ERISA are federal laws for the purposes of federal question jurisdiction.

12.     Paragraph 11 of the Second Amended Complaint states conclusions of law to which no responsive pleading is required. To the extent that a response is required, Answering Defendants deny those allegations. Answering Defendants specifically deny that O.R.C. § 4141.28 creates a private right of action.

13.     Paragraph 12 of the Second Amended Complaint states conclusions of law to which no responsive pleading is required. To the extent that such a response is required, the allegations are denied.

## III.   **PARTIES**

### A.    **PLAINTIFFS**

14.     Answering Defendants admit that Plaintiff Shields began working for the Hospital as a Physician Assistant and that the Hospital's personnel records reflect the address plead. All

24176315 _1

remaining allegations contained in Paragraph 13 of the Second Amended Complaint are denied. Answering Defendants further observe that the referenced document speaks for itself and Plaintiff Shields herself disputes in the Second Amended Complaint whether she is still employed by the Hospital.

15.    Answering Defendants admit that Plaintiff Bleininger began work for the Hospital and that the Hospital records reflect the home address plead. Answering Defendants further observes that the referenced document speaks for itself. The remaining allegations contained in Paragraph 15 are denied.

16.    Answering Defendants admit that Plaintiff Harding began work for the Hospital as alleged and that the Hospital records reflect the listed home address. Answering Defendants further observe that the referenced document speaks for itself. The remaining allegations contained in Paragraph 16 are denied.

17.    Answering Defendants admit that Plaintiff Wise began work for the Hospital as alleged and that the Hospital records reflect the home address plead. Answering Defendants further observe that the referenced document speaks for itself. The remaining allegations contained in Paragraph 17 are denied.

18.    Answering Defendants admit that Plaintiff Myers began work for the Hospital as alleged and that the Hospital records reflect the home address plead. Answering Defendants further observes that the referenced document speaks for itself. The remaining allegations contained in Paragraph 18 are denied.

19.    The allegations contained in Paragraph 19 of the Second Amended Complaint are denied. Answering Defendants specifically deny that they were employers under the WARN Act

and that the Hospital's employees were employees of himself or Access Ohio LLC under the WARN Act.

20.     The allegations contained in Paragraph 20 of the Second Amended Complaint are denied. Answering Defendants further deny that all Hospital employees were non-exempt or entitled to minimum wages or that any non-exempt employees had not been paid at least minimum wage through the March 7, 2025, payroll prior to the filing of the Second Amended Complaint.

21.     The allegations contained in Paragraph 21 of the Second Amended Complaint are denied.

22.     The allegations contained in Paragraph 22 of the Second Amended Complaint are denied.

### B.     ANSWERING DEFENDANTS

23.     The allegations contained in Paragraph 23 of the Second Amended Complaint are admitted.

24.     It is admitted that Defendant Johnson is the CEO and founder of Access Ohio and resides in New Albany, Ohio. The remaining allegations contained in Paragraph 24 of the Second Amended Complaint are denied.

25.     It is admitted that Access Ohio has an office at 6400 East Broad Street, Columbus, can be served through Answering Defendants and is registered to do business in the State of Ohio. All remaining allegations contained in Paragraph 25 of the Second Amended Complaint are denied.

26.     The allegations contained in Paragraph 26 of the Second Amended Complaint are admitted.

27.     The allegations contained in Paragraph 27 of the Second Amended Complaint are admitted.

24176315 _1

28.     The allegations contained in Paragraph 28 of the Second Amended Complaint are admitted.

29.     The allegations contained in Paragraph 29 of the Second Amended Complaint are admitted.

30.     The allegations contained in Paragraph 30 of the Second Amended Complaint are admitted.

31.     The allegations contained in Paragraph 31 of the Second Amended Complaint are denied.

32.     The allegations contained in Paragraph 32 of the Second Amended Complaint are admitted.

33.     The allegations contained in Paragraph 33 of the Second Amended Complaint is denied.

34.     The allegations contained in Paragraph 34 of the Second Amended Complaint are denied.

35.     The allegations contained in Paragraph 35 of the Second Amended Complaint are denied.

36.     The allegations contained in Paragraph 36 of the Second Amended Complaint are admitted.

37.     The allegations contained in Paragraph 37 of the Second Amended Complaint are admitted that he departed in February 2025.

38.     The allegations contained in Paragraph 38 of the Second Amended Complaint are admitted.

24176315 _1

39.     Answering Defendants that, for a short time, Defendant Nithin Johnson served on the Hospital's informal and ad hoc advisory committee consisting of Martin's Ferry community leaders, bankers and others on a strictly voluntary basis and without any decision-making authority whatsoever.  The remaining allegations contained in Paragraph 39 are denied.

40.     The allegations contained in Paragraph 40 of the Second Amended Complaint are denied.

41.     The allegations contained in Paragraph 41 of the Second Amended Complaint are denied.

42.     The allegations contained in Paragraph 42 of the Second Amended Complaint are denied.

43.     The allegations contained in Paragraph 43 of the Second Amended Complaint are denied.

44.     The allegations contained in Paragraph 44 of the Second Amended Complaint are denied.

45.     The allegations contained in Paragraph 45 of the Second Amended Complaint are admitted.

46.     The allegations contained in Paragraph 46 of the Second Amended Complaint are denied.

47.     After reasonable investigation, Answering Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegation. The remaining allegations contained in Paragraph 47 of the Second Amended Complaint are denied.

48.     The allegations contained in Paragraph 48 of the Second Amended Complaint are admitted.

24176315 _1

49.     The allegations contained in Paragraph 49 of the Second Amended Complaint are denied.

50.     The allegations contained in Paragraph 50 of the Second Amended Complaint are denied.

51.     The allegations contained in Paragraph 51 of the Second Amended Complaint are denied.

52.     The allegations contained in Paragraph 52 of the Second Amended Complaint are denied.

53.     The allegations contained in Paragraph 53 of the Second Amended Complaint are admitted.

54.     The allegations contained in Paragraph 54 of the Second Amended Complaint are denied.

55.     The allegations contained in Paragraph 55 of the Second Amended Complaint are denied.

## IV.    **FACTUAL ALLEGATIONS**

56.     The allegations contained in Paragraph 56 of the Second Amended Complaint are denied.

57.     The allegations contained in Paragraph 57 of the Second Amended Complaint are denied.

58.     The allegations contained in Paragraph 58 of the Second Amended Complaint are denied.

59.     The allegations contained in Paragraph 59 of the Second Amended Complaint are denied.

24176315 _1

60.     The allegations contained in Paragraph 60 of the Second Amended Complaint are denied.

61.     The allegations contained in Paragraph 61 of the Second Amended Complaint are denied.

62.     The allegations contained in Paragraph 62 of the Second Amended Complaint are denied.

63.     The allegations contained in Paragraph 63 of the Second Amended Complaint are denied.

64.     The allegations contained in Paragraph 64 of the Second Amended Complaint are denied.

65.     The allegations contained in Paragraph 65 of the Second Amended Complaint are denied.

66.     The allegations contained in Paragraph 66 of the Second Amended Complaint are denied.

67.     The allegations contained in Paragraph 67 of the Second Amended Complaint are denied.

68.     The allegations contained in Paragraph 68 of the Second Amended Complaint are denied.

69.     The documents attached as Exhibits A and B speak for themselves.  The remaining allegations in the Paragraph 69 are denied.

70.     The allegations contained in Paragraph 70 of the Second Amended Complaint are denied.

71.     The allegations contained in Paragraph 71 of the Second Amended Complaint are denied.

72.     The allegations contained in Paragraph 72 of the Second Amended Complaint are denied.

73.     The allegations contained in Paragraph 73 of the Second Amended Complaint are denied.

74.     The allegations contained in Paragraph 74 of the Second Amended Complaint are denied.

75.     The allegations contained in Paragraph 75 of the Second Amended Complaint are denied.

76.     The allegations contained in Paragraph 76 of the Second Amended Complaint are denied.

77.     The allegations contained in Paragraph 77 of the Second Amended Complaint are denied.

78.     The allegations contained in Paragraph 78 of the Second Amended Complaint are denied.

79.     The document attached as Exhibit C speaks for itself.  The remaining allegations contained in Paragraph 79 are denied.

80.     The allegations contained in Paragraph 80 of the Second Amended Complaint are denied.

81.     The allegations contained in Paragraph 81 of the Second Amended Complaint are denied.

24176315 _1

82.     The allegations contained in Paragraph 82 of the Second Amended Complaint are denied.

83.     The allegations contained in Paragraph 83 of the Second Amended Complaint are denied.

84.     The allegations contained in Paragraph 84 of the Second Amended Complaint are denied.

85.     The allegations contained in Paragraph 85 of the Second Amended Complaint are denied.

86.     The allegations contained in Paragraph 86 of the Second Amended Complaint are denied.

87.     The allegations contained in Paragraph 87 of the Second Amended Complaint are denied.

88.     The allegations contained in Paragraph 88 of the Second Amended Complaint are denied.

89.     The allegations contained in Paragraph 89 of the Second Amended Complaint are denied.

90.     The allegations contained in Paragraph 90 off the Second Amended Complaint are denied.

91.     The allegations contained in Paragraph 91 of the Second Amended Complaint are denied.

92.     Upon information and belief, the allegations contained in Paragraph 92 of the Second Amended Complaint are admitted.

93.     Paragraph 93 of the Second Amended Complaint contains legal conclusions to which no response is necessary.  To the extent that a pleading is necessary, the allegations are denied.

94.     Paragraph 94 of the Second Amended Complaint contains legal conclusions to which no response is necessary. To the extent that a pleading is necessary, the allegations are denied.

95.     Paragraph 95 of the Second Amended Complaint contains legal conclusions to which no response is necessary. To the extent that a pleading is necessary, the allegations are denied.

96.     Paragraph 96 of the Second Amended Complaint contains legal conclusions to which no response is necessary. To the extent that a pleading is necessary, the allegations are denied.

97.     The allegations contained in Paragraph 97 of the Second Amended Complaint are admitted.

98.     The allegations contained in Paragraph 98 of the Second Amended Complaint are denied.

99.     Paragraph 99 of the Second Amended Complaint contains legal conclusions to which no response is necessary. To the extent that a pleading is necessary, the allegations are denied.

100.    The allegations contained in Paragraph 100 of the Second Amended Complaint are denied.

24176315 _1

101.    Paragraph 101 of the Second Amended Complaint contains legal conclusions to which no response is necessary. To the extent that a pleading is necessary, the allegations are denied.

102.    The allegations contained in Paragraph 102 of the Second Amended Complaint are denied.

103.    Paragraph 103 of the Second Amended Complaint contains legal conclusions to which no response is necessary. To the extent that a pleading is necessary, the allegations are denied.

104.    The allegations contained in Paragraph 104 of the Second Amended Complaint are denied.

105.    The allegations contained in Paragraph 105 of the Second Amended Complaint are denied.

106.    The allegations contained in Paragraph 106 of the Second Amended Complaint are denied.

107.    It is admitted that the Hospital (but not Answering Defendants) closed its outpatient services on March 14, 2025, but kept open the Emergency, Laboratory and Radiology departments. The remaining allegations contained in Paragraph 107 of the Second Amended Complaint are denied.

108.    Paragraph 108 of the Second Amended Complaint contains legal conclusions to which no responsive pleading is required. To the extent that a pleading is necessary, the allegations are denied.

109. Paragraph 109 of the Second Amended Complaint contains legal conclusions to which no responsive pleading is required. To the extent that a pleading is necessary, the allegations are denied.

110. It is admitted that the Hospital (but not Answering Defendants) did not provide 60 days' notice. The remaining allegations contained in Paragraph 110 of the Second Amended Complaint contain conclusions of law which no responsive pleading is required. To the extent that a pleading is required, the allegations are denied.

111. After reasonable investigation, Answering Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegation as to how individuals learned of any layoff. The remaining allegations contained in Paragraph 111 of the Second Amended Complaint are denied.

112. It is admitted that the Hospital closed the Emergency, Laboratory and Radiation Departments on March 21, 2025. The remaining allegations contained in Paragraph 112 of the Second Amended Complaint are denied.

113. The allegations contained in Paragraph 113 of the Second Amended Complaint contain conclusions of law which no responsive pleading is required. To the extent that it is required, the allegations are denied.

114. The allegations contained in Paragraph 114 of the Second Amended Complaint are admitted.

115. It is admitted that the power was again shut off on April 2, 2025, and that the fire marshals requested the building to be evacuated. The remaining allegations contained in Paragraph 115 of the Second Amended Complaint are denied.

24176315 _1

116.    The allegations contained in Paragraph 116 of the Second Amended Complaint contain conclusions of law which no responsive pleading is required. To the extent that it is required, the allegations are denied.

117.    It is admitted that the Hospital (but not Answering Defendants) did not provide 60 days' notice. The remaining allegations contained in Paragraph 117 of the Second Amended Complaint contain conclusions of law which no responsive pleading is required. To the extent that it is required, the allegations are denied.

118.    After reasonable investigation, Answering Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegation as to how individuals learned the closure of the Emergency, Laboratory and Radiology Departments. The remaining allegations contained in Paragraph 118 of the Second Amended Complaint are denied.

119.    It is admitted that emails were sent to employees to notify employees of the closure of the Emergency, Laboratory and Radiology Departments. After reasonable investigation, Answering Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegation as to how individuals learned of any closure. The remaining allegations contained in Paragraph 119 of the Second Amended Complaint are denied.

120.    The allegations contained in Paragraph 120 of the Second Amended Complaint are denied.

121.    It is admitted that there was no natural disaster. The remaining allegations contained in Paragraph 121 of the Second Amended Complaint are denied.

122.    The allegations contained in Paragraph 122 of the Second Amended Complaint are denied.

123.    The allegations contained in Paragraph 123 of the Second Amended Complaint are denied.

124.    Exhibit D to the Second Amended Complaint speaks for itself.  The remaining allegations contained in Paragraph 124 of the Second Amended Complaint are denied.

125.    The allegations contained in Paragraph 125 of the Second Amended Complaint are denied.

126.    Exhibit E to the Second Amended Complaint speaks for itself.  The remaining allegations in Paragraph 126 of the Second Amended Complaint are denied.

127.    The allegations contained in Paragraph 127 of the Second Amended Complaint are denied.

128.    Exhibit F to the Second Amended Complaint speaks for itself.  The remaining allegations in Paragraph 128 of the Second Amended Complaint are denied.

129.    The allegations contained in Paragraph 129 are denied.

130.    The allegations contained in Paragraph 130 of the Second Amended Complaint contain conclusions of law which no responsive pleading is required. To the extent that it is required, the allegations are denied.

131.    The allegations contained in Paragraph 131 of the Second Amended Complaint are denied.

132.    The allegations contained in Paragraph 132 of the Second Amended Complaint are denied.

133.    The allegations contained in Paragraph 133 of the Second Amended Complaint are denied.

134.     It is admitted that the Hospital employed some non-exempt employees. The remaining allegations contained in Paragraph 134 of the Second Amended Complaint are denied.

135.     The allegations contained in Paragraph 135 of the Second Amended Complaint contain conclusions of law which no responsive pleading is required. To the extent that it is required, the allegations are denied.

136.     The allegations contained in Paragraph 136 of the Second Amended Complaint are denied. By way of further response, patients do not have personnel records at the Hospital.

137.     The allegations contained in Paragraph 137 of the Second Amended Complaint are denied.

138.     It is admitted that some Hospital employees did not receive their March 7 paycheck on time. The remaining allegations contained in Paragraph 138 of the Second Amended Complaint are denied.

139.     It is admitted that all but seven exempt Hospital employees were paid through March 1, 2025. The remaining allegations contained in Paragraph 139 of the Second Amended Complaint are denied.

140.     The allegations contained in Paragraph 140 of the Second Amended Complaint are denied.

141.     It is admitted that Plaintiff Myers elected to contribute their entire paycheck to their retirement account. The remaining allegations contained in Paragraph 141 of the Second Amended Complaint are denied.

142.     Plaintiff Myers elected to contribute her entire paycheck to her retirement account and therefore did not receive wages for that period. The remaining allegations contained in Paragraph 142 are denied.

24176315 _1

143.    The allegations contained in Paragraph 143 are denied. It is specifically denied that Plaintiff Myers worked any overtime in February or March 2025.

144.    The allegations contained in Paragraph 144 of the Second Amended Complaint are denied.

145.    It is admitted that the Hospital employed some non-exempt employees in patient care responsibilities. The remaining allegations contained in Paragraph 145 of the Second Amended Complaint are denied.

146.    The allegations contained in Paragraph 146 of the Second Amended Complaint are denied.

147.    The allegations contained in Paragraph 147 of the Second Amended Complaint are denied.

148.    The allegations contained in Paragraph 148 of the Second Amended Complaint are denied.

149.    The allegations contained in Paragraph 149 of the Second Amended Complaint are denied.

150.    The allegations contained in Paragraph 150 of the Second Amended Complaint are denied.

151.    The allegations contained in Paragraph 151 of the Second Amended Complaint are denied.

152.    The allegations contained in Paragraph 152 of the Second Amended Complaint are denied.

153.    The allegations contained in Paragraph 153 of the Second Amended Complaint are denied.

154. The allegations contained in Paragraph 154 of the Second Amended Complaint are denied.

155. The allegations contained in Paragraph 155 of the Second Amended Complaint are denied.

156. The allegations contained in Paragraph 156 of the Second Amended Complaint are denied.

157. The allegations contained in Paragraph 157 of the Second Amended Complaint are denied.

158. The allegations contained in Paragraph 158 of the Second Amended Complaint are denied.

159. The allegations contained in Paragraph 159 of the Second Amended Complaint are denied.

160. The allegations contained in Paragraph 160 of the Second Amended Complaint are denied.

161. The allegations contained in Paragraph 161 of the Second Amended Complaint are denied.

162. The allegations contained in Paragraph 162 of the Second Amended Complaint are denied.

163. The allegations contained in Paragraph 163 of the Second Amended Complaint are denied. The document speaks for itself.

164. It is admitted that The Health Plan included coverage for medical visits, hospitalization and prescription drugs. The remaining allegations contained in Paragraph 164 of the Second Amended Complaint are denied.

165.    The allegations contained in Paragraph 165 of the Second Amended Complaint are denied.

166.    The allegations contained in Paragraph 166 of the Second Amended Complaint are denied.

167.    It is admitted that The Health Plan coverage was terminated on February 17, 2025. The remaining allegations contained in Paragraph 167 of the Second Amended Complaint are denied. The document speaks for itself.

168.    After reasonable investigation, Answering Defendants are without information or knowledge sufficient to form a belief as to the timing, existence or amount of Plaintiff Harding's medical expenses. Therefore, the allegations contained in Paragraph 168 of the Second Amended Complaint are denied.

169.    After reasonable investigation, Answering Defendants is without information or knowledge sufficient to form a belief as to the timing, existence or amount of Plaintiff Bleininger's medical expenses. Therefore, the allegations contained in Paragraph 169 of the Second Amended Complaint are denied.

170.    The allegations contained in Paragraph 170 of the Second Amended Complaint are denied.

171.    It is admitted that Hospital employees were offered a 401(k) plan. The remaining allegations contained in Paragraph 171 of the Second Amended Complaint are denied.

172.    The allegations contained in Paragraph 172 of the Second Amended Complaint are denied.

173.    The allegations contained in Paragraph 173 of the Second Amended Complaint are denied.

174.    It is admitted that the Hospital is the Plan Administrator of The Health Plan. The remaining allegations contained in Paragraph 174 of the Second Amended Complaint are denied.

175.    The allegations contained in Paragraph 175 of the Second Amended Complaint are denied.

176.    The allegations contained in Paragraph 176 of the Second Amended Complaint are denied.

177.    The allegations contained in Paragraph 177 of the Second Amended Complaint are denied.

178.    The allegations contained in Paragraph 178 of the Second Amended Complaint are denied.

179.    The allegations contained in Paragraph 179 of the Second Amended Complaint are denied.

180.    The allegations contained in Paragraph 180 of the Second Amended Complaint are denied.

181.    The allegations contained in Paragraph 181 of the Second Amended Complaint are denied.

## V.    CLASS ACTION ALLEGATIONS

### A.    WARN ACT CLAIMS

182.    It is admitted that Plaintiffs are purporting to bring claims on behalf of a class as defined in Paragraphs 183-184 of the Second Amended Complaint. Answering Defendants deny the remaining allegations contained in Paragraph 182 of the Second Amended Complaint. Answering Defendants specifically deny that the proposed Rule 23 class definitions contained in Paragraphs 183-184 of the Second Amended Complaint are appropriate.

183.    The allegations contained in Paragraph 183 of the Second Amended Complaint are denied.

184.    The allegations contained in Paragraph 184 of the Second Amended Complaint are denied.

185.    There are no allegations contained in Paragraph 185 of the Second Amended Complaint.

186.    Paragraph 186 of the Second Amended Complaint contains conclusions of law to which no responsive pleading is required. To the extent that a response is required, Answering Defendants deny those allegations.

187.    Paragraph 187 of the Second Amended Complaint contains conclusions of law to which no responsive pleading is required. To the extent that a response is required, Answering Defendants deny those allegations.

188.    There are no allegations contained in Paragraph 188 of the Second Amended Complaint to which a response is required. To the extent that a response is necessary, Answering Defendants deny the allegations.

189.    Answering Defendants deny the allegations contained in Paragraph 189 of the Second Amended Complaint.

190.    Answering Defendants deny the allegations contained in Paragraph 190 of the Second Amended Complaint.

191.    Answering Defendants deny the allegations contained in Paragraph 191 of the Second Amended Complaint.

24176315 _1

192.    After reasonable investigation, Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 192 of the Second Amended Complaint and therefore deny those allegations.

193.    Answering Defendants deny the allegations contained in Paragraph 193 of the Second Amended Complaint.

194.    Answering Defendants deny the allegations contained in Paragraph 194 of the Second Amended Complaint.

195.    There are no allegations contained in Paragraph 195 of the Second Amended Complaint to which a response is required. To the extent that a response is necessary, Answering Defendants deny the allegations.

196.    Paragraph 196 of the Second Amended Complaint states conclusions of law to which no responsive pleading is required. To the extent that a response is required, Answering Defendants deny those allegations.

197.    Answering Defendants deny the allegations contained in Paragraph 197 of the Second Amended Complaint.

198.    Answering Defendants deny the allegations contained in Paragraph 198 of the Second Amended Complaint.

199.    The allegations contained in Paragraph 199 of the Second Amended Complaint are denied.

200.    After reasonable investigation, Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 200 of the Second Amended Complaint and therefore deny those allegations.

201.    Answering Defendants deny the allegations contained in Paragraph 201 of the Second Amended Complaint.

202.    There are no allegations contained in Paragraph 202 of the Second Amended Complaint to which a response is required. To the extent that a response is necessary, Answering Defendants deny the allegations.

203.    Paragraph 203 of the Second Amended Complaint states conclusions of law to which no responsive pleading is required. To the extent that a response is required, necessary, Answering Defendants deny the allegations.

204.    The allegations contained in Paragraph 204 of the Second Amended Complaint are denied. Answering Defendants specifically deny that the proposed collective action definition contained in Paragraph 184 of the Second Amended Complaint is appropriate.

205.    Paragraph 205 of the Second Amended Complaint states conclusions of law to which no responsive pleading is required. To the extent that a response is required, the allegations are denied.

206.    Paragraph 206 of the Second Amended Complaint states conclusions of law to which no responsive pleading is required. To the extent that a response is required, the allegations are denied.

207.    The allegations contained in Paragraph 207 of the Second Amended Complaint are denied.

208.    There are no allegations contained in Paragraph 208 of the Second Amended Complaint to which a response is required. To the extent that a response is required, the allegations are denied.

24176315 _1

209.    There are no allegations contained in Paragraph 209 of the Second Amended Complaint to which a response is required. To the extent that a response is required, the allegations are denied.

210.    The allegations contained in Paragraph 210 of the Second Amended Complaint are denied.

211.    The allegations contained in Paragraph 211 of the Second Amended Complaint are denied.

212.    The allegations contained in Paragraph 212 of the Second Amended Complaint are denied.

213.    The allegations contained in Paragraph 213 of the Second Amended Complaint are denied.

214.    The allegations contained in Paragraph 214 of the Second Amended Complaint are denied.

215.    The allegations contained in Paragraph 215 the Second Amended Complaint are denied.

216.    The allegations contained in Paragraph 216 of the Second Amended Complaint are denied.

217.    The allegations contained in Paragraph 217 of the Second Amended Complaint are denied.

218.    The allegations contained in Paragraph 218 of the Second Amended Complaint are denied.

219.    The allegations contained in Paragraph 219 of the Second Amended Complaint are denied.

24176315 _1

220.     The allegations contained in Paragraph 220 of the Second Amended Complaint are denied.

## VI.     CAUSES OF ACTION

### COUNT I
### ALLEGED VIOLATIONS OF THE WARN ACT, 29 U.S.C. §2101 ET SEQ.

221.     Answering Defendants incorporate by reference the averments and denials of Paragraphs 1-220 therein as if fully restated.

222.     The allegations contained in Paragraph 222 of the Second Amended Complaint contain conclusions of law to which no responsive pleading is required. To the extent such pleading is necessary, the allegations are denied.

223.     The allegations contained in Paragraph 223 of the Second Amended Complaint are denied. It is specifically denied that Answering Defendants are an employer under the WARN Act.

224.     The allegations contained in Paragraph 224 of the Second Amended Complaint contain conclusions of law to which no response is required. To the extent that a response is required, the allegations are denied.

225.     The allegations contained in Paragraph 225 of the Second Amended Complaint contain conclusions of law to which no response is required. To the extent that a response is required, the allegations are denied.

226.     The allegations contained in Paragraph 226 of the Second Amended Complaint contain conclusions of law to which no response is required. To the extent that a response is required, the allegations are denied.

227.     The allegations contained in Paragraph 227 of the Second Amended Complaint contain conclusions of law to which no responsive pleading is required. To the extent that pleading is necessary, the allegations are denied.

24176315 _1

228.    The allegations contained in Paragraph 228 of the Second Amended Complaint are denied.

## COUNT II
## ALLEGED VIOLATION OF THE MINIMUM WAGE
## REQUIREMENTS OF THE FLSA

229.    Answering Defendants incorporate by reference the averments and denials of Paragraphs 1-228 therein as if fully restated.

230.    The allegations contained in Paragraph 230 of the Second Amended Complaint contain conclusions of law to which no responsive pleading is required. To the extent that such pleading is required, the allegations are denied.

231.    The allegations contained in Paragraph 231 of the Second Amended Complaint contain conclusions of law to which no responsive pleading is required. To the extent that such pleading is required, the allegations are denied.

232.    The allegations contained in Paragraph 232 of the Second Amended Complaint are denied.

233.    The allegations contained in Paragraph 233 of the Second Amended Complaint contain conclusions of law to which no responsive pleading is required. To the extent that such pleading is required, the allegations are denied.

234.    The allegations contained in Paragraph 234 of the Second Amended Complaint contain conclusions of law to which no responsive pleading is required. To the extent that such pleading is required, the allegations are denied.

235.    The allegations contained in Paragraph 235 of the Second Amended Complaint contain conclusions of law to which no responsive pleading is required. To the extent that such pleading is required, the allegations are denied.

24176315 _1

236. The allegations contained in Paragraph 236 of the Second Amended Complaint are denied.

237. The allegations contained in Paragraph 239 of the Second Amended Complaint are denied.

238. The allegations contained in Paragraph 238 of the Second Amended Complaint are denied.

## COUNT III
## ALLEGED VIOLATIONS OF THE FLSA OVERTIME PROVISIONS

239. Answering Defendants incorporate by reference the averments and denials of Paragraphs 1-238 therein as if fully restated.

240. The allegations contained in Paragraph 240 of the Second Amended Complaint contain conclusions of law to which no responsive pleading is required. To the extent that such pleading is required, the allegations are denied.

241. The allegations contained in Paragraph 241 of the Second Amended Complaint contain conclusions of law to which no responsive pleading is required. To the extent that such pleading is required, the allegations are denied.

242. The allegations contained in Paragraph 242 of the Second Amended Complaint are denied.

243. The allegations contained in Paragraph 243 of the Second Amended Complaint are denied.

## COUNT IV
## ALLEGED VIOLATION OF OHIO WAGE LAWS

244. Answering Defendants incorporate by reference the averments and denials of Paragraphs 1-243 therein as if fully restated.

24176315 _1

245. The allegations contained in Paragraph 245 of the Second Amended Complaint contain conclusions of law to which no responsive pleading is required. To the extent that such pleading is required, the allegations are denied.

246. The allegations contained in Paragraph 246 of the Second Amended Complaint contain conclusions of law to which no responsive pleading is required.

247. The allegations contained in Paragraph 247 of the Second Amended Complaint are denied.

248. The allegations contained in paragraph 248 of the Second Amended Complaint contain conclusions of law to which no responsive pleading is required. To the extent that pleading is necessary, the allegations are denied.

249. The allegations contained in Paragraph 249 of the Second Amended Complaint are denied.

250. The allegations contained in Paragraph 250 of the Second Amended Complaint are denied.

251. The allegations contained in Paragraph 251 of the Second Amended Complaint are denied.

252. The allegations contained in Paragraph 252 of the Second Amended Complaint are denied.

253. The allegations contained in Paragraph 253 of the Second Amended Complaint are denied.

254. The allegations contained in Paragraph 254 of the Second Amended Complaint are denied.

## COUNT V
## ALLEGED VIOLATIONS OF 29 U.S.C. §1132(a)(1)(B) & (3)

255.     Answering Defendants incorporate by reference the averments and denials of Paragraphs 1-254 therein as if fully restated.

256.     The allegations contained in Paragraph 256 of the Second Amended Complaint contain conclusions of law to which no responsive pleading is required. To the extent that such pleading is required, the allegations are denied.

257.     The allegations contained in Paragraph 257 of the Second Amended Complaint contain conclusions of law to which no responsive pleading is required. To the extent that such pleading is required, the allegations are denied.

258.     The allegations contained in Paragraph 258 of the Second Amended Complaint are denied.

259.     The allegations contained in Paragraph 259 of the Second Amended Complaint are denied.

260.     The allegations contained in Paragraph 260 of the Second Amended Complaint are denied.

## COUNT VI
## ALLEGED VIOLATIONS OF §1132(a)(2)

261.     Answering Defendants incorporate by reference the averments and denials of Paragraphs 1-260 therein as if fully restated.

262.     The allegations contained in Paragraph 262 of the Second Amended Complaint contain conclusions of law to which no responsive pleading is required. To the extent that such pleading is required, the allegations are denied.

263.     The allegations contained in Paragraph 263 of the Second Amended Complaint are denied.

24176315 _1

264.     The allegations contained in Paragraph 264 of the Second Amended Complaint are denied.

265.     The allegations contained in Paragraph 265 of the Second Amended Complaint are denied.

266.     The allegations contained in Paragraph 266 of the Second Amended Complaint are denied.

267.     The allegations contained in Paragraph 267 of the Second Amended Complaint are denied.

268.     The allegations contained in Paragraph 268 of the Second Amended Complaint are denied.

269.     The allegations contained in Paragraph 269 of the Second Amended Complaint are denied.

<u>**COUNT VII**</u>
<u>**ALLEGED VIOLATION OF THE OHIO PROMPT PAY ACT**</u>

270.     Answering Defendants incorporate by reference the averments and denials of Paragraphs 1 - 269 therein as if fully restated.

271.     The allegations contained in Paragraph 271 of the Second Amended Complaint contain conclusions of law to which no responsive pleading is required. To the extent that such pleading is required, the allegations are denied.

272.     The allegations contained in Paragraph 272 of the Second Amended Complaint are denied.

273.     The allegations contained in Paragraph 273 of the Second Amended Complaint are denied.

24176315 _1

274.    The allegations contained in Paragraph 274 of the Second Amended Complaint are denied.

275.    The allegations contained in Paragraph 275 of the Second Amended Complaint are denied.

<u>**COUNT VIII**</u>
<u>**CIVIL PENALTIES FOR ALLEGED CRIMINAL ACTS**</u>
<u>**O.R.C. §2307.06**</u>

276.    Answering Defendants incorporate by reference the averments and denials of Paragraphs 1-275 therein as if fully restated.

277.    The allegations contained in Paragraph 277 of the Second Amended Complaint contain conclusions of law to which no responsive pleading is required. To the extent that such pleading is required, the allegations are denied.

278.    The allegations contained in Paragraph 278 of the Second Amended Complaint contain conclusions of law to which no responsive pleading is required.

279.    The allegations contained in Paragraph 279 of the Second Amended Complaint contain conclusions of law to which no responsive pleading is required.  To the extent that such pleading is required, the allegations are denied.

280.    The allegations contained in Paragraph 280 of the Second Amended Complaint are denied.

281.    The allegations contained in Paragraph 281 of the Second Amended Complaint contain conclusions of law to which no responsive pleading is required. To the extent that such pleading is required, the allegations are denied.

282.    The allegations contained in Paragraph 282 of the Second Amended Complaint are denied.

24176315 _1

## COUNT IX
## UNJUST ENRICHMENT

283.    Answering Defendants incorporate by reference the averments and denials of Paragraphs 1-282 therein as if fully restated.

284.    The allegations contained in Paragraph 284 of the Second Amended Complaint contain conclusions of law to which no responsive pleading is required. To the extent that such pleading is required, the allegations are denied.

285.    The allegations contained in Paragraph 285 of the Second Amended Complaint are denied.

286.    The allegations contained in Paragraph 286 of the Second Amended Complaint are denied.

287.    The allegations contained in Paragraph 287 of the Second Amended Complaint are denied.

288.    The allegations contained in Paragraph 288 of the Second Amended Complaint are denied.

289.    The allegations contained in Paragraph 289 of the Second Amended Complaint are denied.

290.    The allegations contained in Paragraph 290 of the Second Amended Complaint are denied.

## ADDITIONAL DEFENSES

291.    All allegations not specifically admitted are thereby denied.

292.    The Second Amended Complaint, literally, fails to state a claim upon which relief may be granted against Answering Defendants.

24176315 _1

293. The claims of Plaintiffs and/or the putative collective or class action members, if any, are barred under the doctrine of avoidable consequences and failure to mitigate.

294. Plaintiffs' claims and/or those of the putative collective or class action members, if any, are barred, in whole or in part, by the applicable statute(s) or other period of limitation.

295. The claims of Plaintiffs and/or the putative collective or class action members, if any, are barred by the doctrine of mootness.

296. Plaintiffs and/or the putative collective or class action members, if any, are not entitled to some or all of the requested relief because even if any unlawful practice or conduct occurred, which Answering Defendants specifically deny, such practice/conduct/mistake was prohibited by the applicable policy and was not committed, authorized or approved by Answering Defendants.

297. Answering Defendants have at all times attempted, in good faith, to comply with the provisions of the FLSA and had reasonable grounds to believe the was in compliance.

298. Answering Defendants acted in conformity with and in reliance on written administrative regulations, order, rulings, practices, interpretations and/or enforcement policies of the Wage and Hour Division of the U.S. Department of Labor.

299. No act or omission of Answering Defendants which is alleged to have violated the FLSA was willful, knowing or in reckless disregard for the provisions of the law, and Plaintiffs therefore are not entitled to penalty, multiplication of or addition to damages (including liquidated damages), or extension of any statute of limitations period.

300. Some or all of the claims of Plaintiffs and/or the putative collective and class action members, if any, are barred by waiver, accord and satisfaction.

301.     Plaintiffs and/or the putative collective or class action members, if any, are estopped from asserting wage and hour claims because the Hospital relied upon, calculated and paid their compensation based on their own representations of how much time they worked.

302.     In calculating overtime liability (if any), Answering Defendants are entitled to exclude all elements of Plaintiffs' compensation and/or that of the putative collective or class action members, if any, that are excludable from an employee's regular rate under federal law for purposes of calculating overtime.

303.     Answering Defendants are entitled to a credit against any overtime owed (if any) to Plaintiffs and/or putative collective or class action members, if any, for any amounts permitted under federal law to be credited toward an employer's overtime liability, including, but not limited to, those set forth in Section 7(h) of the FLSA, 29 U.S.C. § 207(h).

304.     The damages, if any, incurred by Plaintiffs and/or the putative collective or class action members, if any, must be reduced or eliminated by any setoffs and credits for (1) all overpayments of compensation to Plaintiffs and/or the putative collective or class action members, if any, (2) sums which Plaintiffs and/or the putative collective or class action members, if any, received during the course of their employment for reasons other than for work performed for the Hospital, and (3) all other amounts that may lawfully be deducted from any amount awarded to Plaintiffs and/or the putative collective or class action members, if any, under the FLSA.

305.     The claims of Plaintiffs and/or the putative collective or class action members, if any, fail, in whole or in part, under the *de minimis* doctrine and/or because the damages (if any) associated with such claims are too speculative to be permitted.

306.     Some or all of the claims of Plaintiffs and/or the putative collective or class action members, if any, are barred in whole or in part, due to waiver, estoppel and/or unclean hands.

24176315 _1

307.     The claims of Plaintiffs and/or the putative collective or class action members, if any, are barred as to all hours allegedly worked of which Answering Defendants lacked constructive or actual knowledge.

308.     The FLSA only requires the inclusion of hours worked in any overtime calculation.

309.     The claims of Plaintiffs and/or the putative collective or class action members, if any, are barred, in whole or in part, by the Portal to Portal Act of 1947, 29 U.S.C. §251 et seq.

310.     The claims of Plaintiffs and/or the putative collective or class action members, if any, are barred, whole or in part, because they are exempt employees under applicable law.

311.     Any damages suffered were the result of failure by Plaintiffs and/or the putative collective or class members, if any, to comply with the reasonable expectations of the Hospital and/or to follow the Hospital's reasonable instructions and/or policies.

312.     The claims of Plaintiffs and/or the putative collective or class action members, if any, for alleged damages should be reduced because they are not entitled to recover both liquidated damages and pre-judgment interest.

313.     Plaintiffs and/or the putative collective or class action members, if any, were properly compensated for all hours worked pursuant to applicable federal and state law.

314.     Certain claims of the putative collective or class action members, if any, are subject to one or more releases.

315.     There is a good faith dispute with respect to any obligation to pay any sum that may be alleged to be due, and the existence of a good-faith dispute is asserted as a defense to any claim for liquidated damages under Ohio law.

316.     The claims of Plaintiffs and/or the putative collective or class action members, if any, or portions of those claims, are barred pursuant to 29 C.F.R. §785.48.

317. Answering Defendants is not an employer, jointly or otherwise, of any Plaintiff or member of any putative class or collective member under the WARN Act, the FLSA or any Ohio law.

318. Answering Defendants acted at all times in good faith.

319. The actions of Answering Defendants were not willful.

320. If and to the extent that the Court finds that any wages are due, such wages are limited to the minimum wage and overtime.

321. Plaintiffs have not consented to bringing a claim against Answering Defendants.

322. There is no private right of action under O.R.C. §4141.28.

323. The Hospital could not provide more notice of its layoff or closing because as of the time that notice would have been normally required the Hospital was actively seeking capital or business which, if obtained, would have enabled the Hospital to avoid or postpone the shutdown and the Hospital reasonably and in good faith believed that giving the notice required would have precluded the Hospital from obtaining the needed capital or business.

324. The Hospital could not provide more notice of its layoff or closing because its business circumstances that were not reasonably foreseeable as of the time that notice would have been required.

325. Plaintiffs and members of the putative class have not exhausted their administrative remedies under the applicable ERISA plan.

326. Some of Plaintiffs' claims are preempted, including any state law claims, which are preempted by ERISA.

327. Plaintiffs' claims are barred by the doctrine of estoppel.

328.    During relevant periods, Answering Defendants did not have authority and control over whether other Answering Defendants remitted certain payments alleged not to have been remitted.

329.    Answering Defendants were not fiduciaries.

330.    Plaintiffs' claims are barred by payment.

331.    Plaintiffs' claims are barred by Answering Defendants' financial distress and impossibility of compliance.

332.    The Plan Administrator has absolute discretion to interpret the terms of the Plans and the Plan Administrator's actions have not been arbitrary or capricious.

333.    Answering Defendants assert that they may have further and additional affirmative defenses, the nature of which cannot be determined until Answering Defendants can engage in discovery. Answering Defendants therefore incorporate all applicable affirmative defenses, including but not limited to, affirmative defenses stated or contemplated by the Rules of Civil Procedure, as if fully set forth therein.

**WHEREFORE**, Answering Defendants having responded to the allegations contained in Plaintiff's First Amended Court Supervised Notice and Rule 23 Class Second Amended Complaint thereby demands judgment in his favor, that this case be dismissed with prejudice and that Answering Defendants recover his attorneys' fees and costs therein expended and such other and further relief as the Court deems just and proper.

24176315 _1

Respectfully submitted,

*/s/ Gregory H. Melick*
Gregory H. Melick (0065694)
gmelick@ralaw.com

Heather R. Adams (0099262)
hradams@ralaw.com

ROETZEL & ANDRESS, LPA
41 South High Street, 21st Floor
Columbus, OH  43215
Telephone: 614.463.9770
Fax: 614.468.9792

*Counsel for Answering Defendants*

24176315 _1

<u>**CERTIFICATE OF SERVICE**</u>

  I hereby certify that on Monday, December 1, 2025, a copy of the foregoing Answer of Answering Defendants to Second Amended Complaint was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

            */s/ Gregory H. Melick*
            Gregory H. Melick

24176315 _1