IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HEATHER SHIELDS, *et al.*, | : | Case No.: 2:25-cv-0353 |
| Plaintiffs, | : | Judge Michael H. Watson |
| v. | : | Mag. Judge Elizabeth Preston Deavers |
| EAST OHIO HOSPITAL, LLC, *et al.*, | : | |
| Defendants. | : | |

**PLAINTIFFS' MOTION FOR DEFAULT JUDGEMENT AGAINST DEFENDANT ACCESS MARTINS FERRY, LLC AS TO LIABLITY AND REQUEST A HEARING AS TO DAMAGES**

Named Plaintiffs Heather Shields, Morgan Bleininger, Jessica Harding, Starr Wise, and Jennifer Myers ("Named Plaintiffs") and the two-hundred twenty-four (224) current Opt-in Plaintiffs (collectively, "Plaintiffs") on behalf of themselves and similarly situated employees respectfully move this Court for an entry of default judgment against Defendant Access Martins Ferry as to liability as to all claims. Defendant Access failed to plead or otherwise defend and the Clerk of Court entered a Default Entry on December 17, 2025 (ECF No. 100). Plaintiffs move this court pursuant to Fed. R. Civ. P. 55(b)(2) for an Order granting judgment by default against Defendant Access Martins Ferry, LLC as to its liability for violations of the WARN Act, FLSA, Ohio Wage Acts, and ERISA claims and request a hearing as to damages. A memorandum in support is attached to this motion.

Dated: January 8, 2026

Respectfully submitted,

/s/ Robert E. DeRose
Robert E. DeRose (OH Bar No. 0055214)
Nickole K. Iula (OH Bar No. 0099895)
Anna R. Doren (OH Bar No. 0104562)
**BARKAN MEIZLISH DEROSE COX, LLP**

1

        4200 Regent Street, Suite 210
        Columbus, OH 43219
        Phone: (614) 221-4221
        Facsimile: (614) 744-2300
        Email: bderose@barkanmeizlish.com
                niula@barkanmeizlish.com
                adoren@barkanmeizlish.com

        &

        */s/ Michelle Marinacci*
        Michelle L. Marinacci (Bar No.0087171)
        Jeremy McGraw (Bar No.0083313)
        **GOLD, KHOUREY, AND TURAK, L.C.**
        510 Tomlinson Ave.
        Moundsville, West Virginia 26041
        T (304) 845-9750
        F (304) 845-186
        E:    mlm@gkt.com
                jmm@gkt.com

**MEMORANDUM IN SUPPORT**

Plaintiffs hereby submit this Memorandum of Law in support of their Motion for Default Judgment as to Defendant Access Martins Ferry, LLC (hereinafter "Defendant" or "Defendant Access Martins Ferry").

I.  **BACKGROUND**

Named Plaintiffs Heather Shields, Morgan Bleininger, Jessica Harding, ("Named Plaintiffs") on behalf of themselves and similarly situated employees commenced this action against Defendants East Ohio Hospital, Doctor John A. Johnson, and Access Ohio, LLC *dba* Access Ohio Primary Care on April 4, 2025 (ECF No. 1) alleging violations of the Worker Adjustment and Retraining Notification Act ("WARN Act"), Fair Labor Standards Act ("FLSA") and the Ohio Wage Act ("OWA"), the Ohio Prompt Pay Act ("OPPA"), and the Ohio Constitution ("Ohio Constitution") (the Ohio Wage Act, the Oppa and the Ohio Constitution will collectively be referred to herein as the "Ohio Wage Laws.") Prior to Defendants' filing their Answer, Plaintiffs amended the Complaint on April 14, 2025, adding Named Plaintiffs Starr Wise and Jennifer Myers, as well as additional claims form unpaid meal breaks under the FLSA and Ohio Wage Laws, and ERISA violations.[1] (ECF No. 10, at PAGIEID# 204) Since this case was filed, two-hundred twenty-four (224 former employees filed their consents to join this lawsuit, these are the Opt-in Plaintiffs. The Named Plaintiffs and the Opt-in Plaintiffs will be collectively referred to as the "Plaintiffs."

On May 19, 2025, after discovering additional information regarding management decisions and operations, Plaintiffs filed a Motion for Leave to Amend the Complaint to add Nithin

---

[1] The FLSA claims and the Ohio Wage Law Claims were brought pursuant to 29 U.S.C. § 216(B) and the Ohio Wage Act as collective actions requiring Court Supervised Notice and will be referred to collectively as the "Court Supervised Notice Claims." The remaining claims were brought as class actions pursuant to FRE 23 and will be collectively referred to as the 'Rule 23 Claims."

3

Johnson, Access Ohio, LLC *dba* Access Residential, Arcbridge Capital, LLC, and Access Martins Ferry, LLC as Defendants (ECF No. 37). On August 22, 2025, Judge Deavers granted Plaintiffs' Motion for Leave (ECF No. 63) and Plaintiffs shortly thereafter filed their Second Amended Complaint. (ECF No. 64). Following Plaintiffs' filing of their Second Amended Complaint, on September 18, 2025, Plaintiffs requested an issuance of summons to Defendant Access Martins Ferry, LLC (hereinafter "Defendant Access Martins Ferry")(ECF No. 77), on September 23, 2025, the Court issued summons to Defendant Access Martins Ferry in care of its statutory agent, Hanlon McCormick, Schramm, Bickford & Schramm, Co., L.P.A ("Hanlon Schramm").[2] (ECF No. 81) October 3, 2025 Plaintiffs filed the certified mail green card showing that service was executed on September 29, 2025. (ECF No. 89) On October 3, 2025, Mr. Gregory Melick entered an appearance on behalf of Defendant Access Martins Ferry (ECF No. 87), filing an executed waiver of service (ECF No. 88). Pursuant to Fed. R. Civ. P. 4(d)(3), Defendant Access Martins' Answer was due on December 1, 2025.

Defendant Access Martins Ferry failed to plead or otherwise defend and the Clerk of Court entered a Default Entry on December 17, 2025 (ECF No. 100). Plaintiffs move this court pursuant to Fed. R. Civ. P. 55(b)(2) for an Order granting judgment by default against Defendant Access Martins Ferry as to its liability for violations of the WARN Act, FLSA and Ohio Wage Acts.

Plaintiffs file this Motion as to liability on behalf of those who have joined and for the Putative Plaintiffs and Putative Class Members. Plaintiffs do not seek Court Supervised Notice pursuant to 29 U.S.C. ⁋ 216 (b) nor class certification pursuant to FRE Rule 23; motions seeking that relief will be filed at a later time against all Defendants.

---

[2] As of July 2, 2025 the law firm of Hanlon, McCormick, Schramm, Bickford & Schramm, Co., L.P.A. because the statutory agent for Defendant Access Martins Ferry replacing Latha Johnson. See **Exhibit A**.

4

## II. PLAINTIFFS ARE ENTITLED TO A JUDGMENT BY DEFAULT.

Rule 4(d)(3) of the Federal Rules of Civil Procedure provides that a defendant who timely returns a waiver need not serve an answer to the Complaint until 60 days after the request was sent. As noted above, Defendant Access Martins Ferry executed its Waiver of Service on October 3, 2025. ECF No. 89. To date, Defendant Access Martins Ferry has failed to answer or file a responsive pleading to Plaintiffs' Second Amended Complaint and has failed to respond to the Entry of Default.

Plaintiffs recognize that the entry of default judgment against a defendant is a severe remedy. *See, e.g., Thomas v. Laskowski*, No. 08-cv-13703, 2011 WL 308270 *1 (E.D. Mich. Jan. 27, 2011). However, when a defendant does not reasonably respond to a properly served complaint and ignores a duly issued and properly executed Summons of the Court, default judgment, however severe, is the only appropriate recourse. *See U.S. v. Jackson*, No. 1:07-cv-359, 2007 WL 2688278 *1 (S.D. Ohio Sept. 12, 2007)(where defendant failed to file an answer or otherwise respond to plaintiff's motions of default, default judgment is appropriate); *In re Knight,* 833 F.2d 1515, 1516 (11th Cir. 1987)(where party offers no good reason for late filing of answer, entry of default judgment is appropriate); *First City Nat'l Bank of Fort Worth v. Cook*, 117 F.R.D. 390 (N.D. Tex 1987)(default judgment warranted where party served has failed to answer).

Plaintiffs acknowledge judicial preference is to decide this case upon its merits and have confidence they would prevail at trial. Defendant Access Martins Ferry, however, does not appear to be disposed to defend this action, and as such, the Court's only logical action must be the entry of default judgment against Defendant.

## III. AN AWARD OF BACK WAGES, TREBLE DAMAGES, LIQUIDATED DAMAGES, AND ATTORNEYS' FEES AND EXPENSES IS APPROPRIATE.

It is well settled in the Sixth Circuit that when the Court determines that a defendant is in

5

default, the plaintiff's pleaded factual allegations are taken as true. *Thomson v. Wooster,* 114 U.S. 104, (1885); *Antoine v. Atlas Turner, Inc.,* 66 F.3d. 105, 110-11 (6th Cir. 1995). In support of Plaintiffs' request that the Court enter a judgment by default against Defendant, Plaintiffs offers the following summary of what they expect their evidence would have shown at a trial in this matter.

### A. Fair Labor Standards violation ("FLSA") and the Ohio Wage Act.

#### 1. Employer Status

To be liable under the FLSA, a person or entity must be an "employer" as defined by 29 U.S.C. § 203(d). This definition states:

> "Employer" includes any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency, but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization.

29 U.S.C. § 203(d). Further, Defendant Access Martins Ferry is an employer within the meaning of O.R.C. § 4111 *et seq.* and Oh. Const. Art. II § 34(a), and therefore required to comply with the mandates of the Ohio Constitution. Defendant Access Martins Ferry easily satisfies these definitions and Plaintiffs have alleged such facts, to be taken as true, in the Second Amended Complaint. *See* ECF No. 64, PAGEID## 680 - 682. Therefore, this definition of an "employer" under the FLSA and Ohio Wage Acts has been met as to Defendant Access Martins Ferry, and Defendant is liable as an employer under both the FLSA and Ohio Wage Acts.

#### 2. Overtime and Minimum Wage Requirements

The FLSA requires that employees receive overtime compensation "not less than one and one-half times" the employee's regular rate of pay for every hour over forty (40) worked in a workweek. 29 U.S.C. § 207(a)(1). Plaintiffs, as alleged and taken as true in the Complaint, were not exempt from overtime benefits because they were not an "executive," "administrative,"

"professional," "outside sales," or "computer" employees, as those terms are defined under the FLSA. *See,* C.F.R. §§ 541.1-541.2; *See* ECF No. 64. Neither are Plaintiffs exempt from the overtime of the FLSA as they were not an employee covered by any other exception contained within 29 U.S.C. § 213(b), as alleged and taken as true in the Second Amended Complaint (ECF No. 64). In addition, Article II, Section 34(a) of the Ohio Constitution and O.R.C. §4111.02 entitles employees to a minimum hourly wage in 2025 of $10.70 per hour and $16.04 per hour of overtime.

### 3. Failure to Pay Overtime and Minimum Wage Compensation for Plaintiffs

Defendant Access Martins Ferry failed to pay overtime and minimum wage when Plaintiffs continued to work for Defendants from February 16, 2025 until Defendants' March 21, 2025 closing without pay. (ECF No. 64, PAGEID# 691) Upon Defendant Access Martins Ferry's closure of the hospital on March 21, 2025, Plaintiffs were left unpaid for several weeks of work they had already performed. (ECF No. 64, at PAGEID# 687) In addition, some Plaintiffs—referred to in Plaintiffs' Second Amended Complaint as "FLSA Lunch Claim Plaintiffs"—were subject to an auto-deducted meal break that were regularly interrupted by work. (ECF No. 64, at PAGEID# 693) As a result, Plaintiffs did not receive at least the federal and state minimum wage for all hours worked, nor were they paid one and one-half times their regular rate for hours worked in excess of forty (40) in a workweek. (ECF No. 64, at PAGEID## 692 – 693). The Plaintiffs request that Defendant Access Martins Ferry be found liable for failure to pay wages for all hours worked and 150% of the Plaintiffs' regular rate for all hours over 40 in any workweek.

### B. Defendant Access Martin's WARN Act Violations

The WARN Act requires an employer to employ more than one hundred (100) employees who in the aggregate work at least 4,000 hours per week (exclusive of overtime hours) 29 U.S.C. § 2101(a)(1)(A)-(B). *See* ECF No. 64, PAGEID # 687. Defendant Access Martins Ferry, as a joint employer, employed Plaintiffs in various roles at the hospital, including medical staff,

7

administrative personnel, and support staff. *Id.* On approximately March 14, 2025, Defendant Access Martins Ferry closed all outpatient services except for the emergency room, lab, and x-ray services. *Id*. Defendant's closing caused "employment loss" for more than 100 Plaintiffs who worked in Defendant's outpatient services and constituted a "mass layoff" under the WARN Act. 29 U.S.C. 2101(a)(2). *Id.* However, Defendant Access Martins Ferry failed to provide Plaintiffs, who were affected employees, with 60-days written notice in violation of the WARN Act. (ECF No. 64, at PAGEID# 687). Therefore; Plaintiffs request that Defendant Access Martins be found to have violated the WARN Act and must be held liable.

### C. ERISA Violations

Defendant Access Martins Ferry offered and encouraged Plaintiffs[3] to participate in the East Ohio Regional Hospital Health Insurance Plan ("Health Plan"). (ECF No. 64, PAGEID # 694, ECF No. 10-2) and Defendants' 401(k) Plan. (ECF No. 64, PAGEID# 696 ). As a part of the Health Plan, Plaintiffs were required to have weekly deductions ranging from $68.25 to $418.95 taken out of their paychecks in order to cover the Health Plan's premium. (ECF No. 64, PAGEID# 694). The Health Plan included coverage for hospitalization and medical visits, prescription drugs, dental coverage, and vision. *Id.* However, Defendants, including Defendant Access Martins Ferry failed to contribute payments to both the Health Plan and 401(k) Plan starting in February 2024 despite continuing to deduct premium payments from the paychecks of ERISA Plaintiffs. *Id.* As a result, ERISA Plaintiffs have incurred outstanding medical bills. (ECF No. 64, at PAGEID# 695) Plaintiffs request that Defendant Access Martins Ferry be found liable both jointly and severally for the delinquent contributions and deductions.

---

[3] Only Plaintiffs who participated in the Health Plan and had a payroll deduction taken out to cover the Health Plan premium—referred to as "ERISA Plaintiffs" in the Second Amended Complaint—have claims and will be able to recover damages for Defendant Access Martin's ERISA violations.

D. **Willfulness**

As Defendant Access Martins Ferry has not satisfied the burden of showing that the violation resulted from actions taken in good faith, and in reasonable belief that the actions did not violate the FLSA, Plaintiffs request that the Court find that its FLSA violations were willful. *Elwell v. Univ. Hosp. Home Care Servs.*, 276 F.3d 832, 840-41 (6th Cir. 2002).

E. **Ohio Prompt Pay Act**

Plaintiffs request that this Court find that the wages owed and not paid to the Plaintiffs were uncontested and that Defendant Access Martins Ferry's failure to make payment violated O.R.C. §§ 4113.15.

E. **Prevailing Party**

Plaintiffs request that this Court find that they are prevailing parties as that term in defined by the FLSA and the OWA as to liability.

IV. **CONCLUSION**

Based upon the knowledge Plaintiffs have acquired through this investigation of Defendant Access Martins Ferry's conduct, Plaintiffs believe that Default Judgment is warranted. For the foregoing reasons, Plaintiffs respectfully request that the Court enter a default judgement against Defendant Access Martins Ferry, LLC as to liability as to the Court Supervised Notice Claims and the Rule 23 Claims as set forth above. Further, Plaintiffs request a hearing on damages.

Dated: January 8, 2026                                Respectfully submitted,

                                                              **BARKAN MEIZLISH DEROSE COX, LLP**

                                                              */s/ Robert E. DeRose*
                                                              Robert E. DeRose (OH Bar No. 0055214)
                                                              Nickole K. Iula (OH Bar No. 0099895)
                                                              Anna R. Doren (OH Bar No. 0104562)
                                                              4200 Regent Street, Suite 210
                                                              Columbus, Ohio 43219
                                                              T: (614) 221-4221

        F: (614) 744-2300
bderose@barkanmeizlish.com
niula@barkanmeizlish.com
adoren@barkanmeizlish.com

*/s/ Michelle L. Marinacci*
Michelle L. Marinacci (Bar No.0087171)
Jeremy McGraw (Bar No.0083313)
**GOLD, KHOUREY, AND TURAK, L.C.**
510 Tomlinson Ave.
Moundsville, West Virginia 26041
T (304) 845-9750
F (304) 845-186
E:    mlm@gkt.com
       jmm@gkt.com

## CERTIFICATE OF SERVICE

The undersigned certifies that on January 8, 2026, a copy of the foregoing document has been served on Access Martins Ferry, LLC via certified mail at the addresses below:

Access Martins Ferry, LLC
90 North 4th Street
Martins Ferry, Ohio 43935

Hanlon McCormick, Schramm, Bickford & Schramm, Co., L.P.A.
46457 National Road
Saint Clairsville, OH 49350

Latha Johnson
4319 Vaux Link
New Albany, Ohio 43054

       */s/ Robert E. DeRose*
       Robert E. DeRose