## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**HEATHER SHIELDS,** *et al.*,

        **Plaintiffs,**

        **v.**

**EAST OHIO HOSPITAL, LLC,** *et al.*,

        **Defendants.**

:
:
:
:
:
:
:
:
:
:
:
:

**Case No. 2:25-cv-00353**
**Judge Michael H. Watson**
**Magistrate Judge S. Courter M. Shimeall**

### REPORT & RECOMMENDATION

This matter is before the Undersigned for a Report and Recommendation following Defendant East Ohio Hospital, LLC d/b/a East Ohio Regional Hospital's ("EORH") failure to comply with the Court's Orders.  For the following reasons, it is **RECOMMENDED** that the Court **DIRECT** the Clerk to enter default against EORH.

**I.**      **BACKGROUND**

On September 11, 2025, after EORH's prior counsel in this case withdrew, the Court cautioned EORH that failure to retain new counsel could result in the Court finding EORH in default and entering judgment against it.  (ECF No. 71.)  The Court also reminded EORH that, as a limited liability corporation, it could only proceed in this Court through licensed counsel.  (*Id.*)  On April 22, 2026, after correcting the docket to reflect that EORH lacked representation, the Court ordered EORH to show cause by May 6, 2026, why the Clerk should not enter default against it as a sanction for failure to comply with the Court's Order.  (ECF No. 122.)  The Court then extended EORH's deadline to respond to June 15, 2026.  (ECF No. 136.)  To date, EORH has not filed a response to the Court's Show Cause Order.

## II.    LAW & ANALYSIS

A district court has the inherent power to sanction a party when that party exhibits bad faith. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43–50 (1991). The "imposition of inherent power sanctions requires a finding of bad faith," *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 517 (6th Cir. 2002), or conduct "tantamount to bad faith," *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 767 (1980). Bad faith includes refusal to comply with a court order. *Brown v. Tellermate Holdings, Ltd.*, No. 2:11-cv-1122, 2015 WL 4742686, at *6 (S.D. Ohio Aug. 11, 2015) (quoting *Youn v. Track, Inc.*, 324 F.3d 409, 420 (6th Cir. 2003)).

A district court's inherent authority to sanction derives from its power to impose respect in its presence, control the litigants before it, and guarantee the integrity of the courts. *See Chambers*, 501 U.S. at 43–44. Due to "their very potency, inherent powers must be exercised with restraint and discretion." *Id.* at 44 (citing *Roadway Express*, 447 U.S. at 764). "A primary aspect of that discretion is the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Id.* at 44–45. Although dismissal of a lawsuit is a particularly severe sanction, it is nevertheless within the Court's discretion. *Id.* at 45 (citing *Roadway Express*, 447 U.S. at 765.) It follows that the Court's inherent powers authorize the imposition of less severe sanctions as well.

Here, on September 11, 2025, more than nine months ago, the Court ordered Defendant to retain new counsel and have new counsel make an appearance. (ECF No. 71.) The Court allowed until October 1, 2025, for compliance. (*Id.*) EORH did not do so. On April 22, 2026, the Court issued a Show Cause Order and allowed EORH until May 6, 2026, to comply, and then further extended EORH's deadline to June 15, 2026. (ECF Nos. 122, 136.) Again, EORH failed to comply.

2

The Undersigned concludes that these repeated failures to comply with clear Orders—despite explicit warnings—constitute bad faith and warrant sanctions.  *See Mitan v. Int'l Fidelity Ins. Co.*, 23 F. App'x 292, 294–95, 298–99 (6th Cir. 2001) (affirming sanctions against plaintiff whose "history of forum shopping and abusing the legal process" included failure to respond to three show cause orders).  The Undersigned further concludes that given EORH's noncompliance, directing the Clerk to enter default against it is an appropriately calibrated sanction.  It will guarantee the integrity of judicial proceedings, protect the Court's authority, and implement the very consequence that the Court warned might follow.

## III.     CONCLUSION

For all these reasons, it is **RECOMMENDED** that the Clerk be **DIRECTED** to enter default against EORH as a sanction for its failure to comply with the Court's Show Cause Orders (ECF Nos. 71, 122, 136).

## IV.     PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report

and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981)

      **IT IS SO ORDERED.**

           */s/ S. Courter M. Shimeall*
           **S. COURTER M. SHIMEALL**
           **UNITED STATES MAGISTRATE JUDGE**